Dolores Rovira Vda. de Roses y Lorenzo, José y María de los Dolores Roses Rovira, demandantes y apelados, *v.* Catalina Oliver Aresti, demandada y apelante.

Núm. 9903.—*Sometido:* Junio 10, 1949. *Resuelto:* Junio 22, 1949.

*Efraín Ramírez Ramírez,* abogado de la apelante; *F. Fernández Cuyar,* abogado de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 30 de enero de 1930 Andrés Oliver suscribió un pagaré por la suma de $9,000 a favor de Lorenzo Roses Bermejo o a su orden. Roses Bermejo falleció en 1936, dejando como sus herederos a los demandantes y a María Eugenia Roses. Ésta falleció en 1936, dejando a la demandante Dolores Rovira Vda. de Roses como su única y universal heredera. El deudor Oliver falleció en 1937 y José Ramón, Manuel y Catalina Oliver Aresti fueron declarados sus únicos y universales herederos.

El 9 de enero de 1947 José Ramón y Manuel, coherederos del deudor, otorgaron una escritura en la cual reconocieron la validez del pagaré y pagaron a cuenta del mismo la cantidad de $6,000. El 15 de enero de 1947, los demandantes radicaron pleito contra la demandada, la otra heredera de Oliver, reclamándole el pago de la restante tercera parte de la obligación. Luego de un juicio en los méritos, la corte de distrito dictó sentencia a favor de los demandantes por $2,300, más intereses al 5 por ciento según fueron éstos pactados en el pagaré, costas y $50 para honorarios de abogado. La demandada ha apelado de esta sentencia.(¹)

El primer error señalado es que la corte inferior erró al negarse a eliminar por ser una conclusión de derecho la alegación de la demanda al efecto de que el pagaré "no

(¹)Los demandantes no han apelado de la sentencia en tanto en cuanto ésta rechazó su reclamación por el total de $3,000.

procede de una operación mercantil, y sí de un préstamo personal de naturaleza civil, hecho por Don Lorenzo Roses Bermejo a Don Andrés Oliver Roses.'' Creemos que ésta es una alegación sencilla, concisa y directa, según lo exige la Regla 8(e)(1) de las Reglas de Enjuiciamiento Civil. Alega un hecho así como una conclusión de derecho. Además, aún suponiendo que la alegación fuera originalmente defectuosa, se presentó prueba sobre la cuestión sin objeción alguna. Por tanto consideramos las alegaciones como enmendadas para ajustarse a la evidencia a tenor con la Regla 15(b).

El segundo error se dirige a la actuación de la corte de distrito al desestimar la contrademanda de la demandada. Presumimos, sin decidirlo, que la corte inferior cometió error al desestimar la contrademanda a moción de los demandantes antes de que se celebrara el juicio sobre el pleito original. Véanse Reglas 13 y 18. Pero la contrademanda solicitaba daños ascendentes a $20,000 porque el presente pleito había perjudicado su crédito y su salud. Toda vez que la corte inferior dictó sentencia a favor de los demandantes, la cual estamos confirmando, la contrademanda no tenía base alguna. Bajo estas circunstancias, el supuesto error de la corte de distrito al desestimarla es una cuestión académica en esta etapa de los procedimientos.

El tercer error es que la corte de distrito actuó con pasión, prejuicio y parcialidad. Nada encontramos en el récord en qué basar esta imputación.

El cuarto error es sustancialmente que las alegaciones de la demanda son insuficientes. Esta contención es demasiado frívola para discutirla siquiera. La demanda es claramente suficiente. Aun cuando no lo fuera, la prueba subsanó el defecto.

El quinto error es en efecto que la causa de acción había prescrito. Pero si, como resolvió la corte inferior, el pagaré era de naturaleza civil y no mercantil, éste no prescribía hasta los 15 años. *San Miguel, etc. & Cía.* v. *Guevara,*

64 D.P.R. 966.   Toda vez que el pagaré vencía el 30 de enero de 1932, la demanda—radicada el 15 de enero de 1947—estaba en tiempo.

█ Es frívola la contención de que la causa de acción estaba prescrita de conformidad con el artículo 41 del Código de Enjuiciamiento Civil.   Este artículo, cuando es de aplicación, amplía más bien que limita el término prescriptivo cuando las partes mueren antes de que expire el término.

█ En igual forma, no hay base para la contención de la demandada de que este pleito no procede porque la reclamación no se presentó dentro de un procedimiento de administración judicial que ya terminó.   El artículo 595 del Código de Enjuiciamiento Civil provee que el administrador no será responsable por los caudales o dinero que hubiere entregado a cuenta de legítimas reclamaciones, si un acreedor promoviere pleito transcurridos más de seis meses de publicado el aviso a los acreedores.   Pero el artículo 596 expresamente dispone que tal acreedor puede, como en este caso, proceder contra un heredero que acepte su parte en la herencia.

El sexto error es que la corte inferior apreció erróneamente la evidencia.   Hubo suficiente prueba, creída por la corte, en la cual poder basar la sentencia.

█ Creemos que la apelación es tan manifiestamente frívola que concederemos la súplica de los demandantes para que se les concedan honorarios de abogado ante este tribunal.   Nuestra sentencia incluirá una concesión de $250 para tales honorarios.

*La sentencia de la corte de distrito será confirmada.*

El Juez Presidente Sr. De Jesús no intervino.