COMUNIDAD AGRÍCOLA BIANCHI, y MARYLAND CASUALTY COMPANY, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE AGUADILLA, HON. ROBERTO VERAY TORREGROSA, JUEZ, demandado.

Número: O-70-13     Resuelto: 2 de noviembre de 1970

Martínez Muñoz, Agraít, Oliveras & Otero y Manuel A. García
Hermida, abogados de los peticionarios; Ramón Torres Ro-
dríguez, abogado de la interventora.

PER CURIAM: Expedimos el auto para revisar la deter-
minación del tribunal de instancia de que la acción de daños
y perjuicios se radicó en este caso dentro del término de
un año según lo prescribe el Art. 1868 del Código Civil en
vigor (31 L.P.R.A. sec. 5298). En vista de que concluimos
que dicha acción se radicó después de expirado dicho término,
se revocará el dictamen del tribunal de instancia.

Nicolasa Carrero Valentín radicó en 31 de marzo de
1969 en el Tribunal Superior, Sala de Aguadilla, una de-
manda de daños y perjuicios en contra de los peticionarios
reclamando los daños sufridos como consecuencia de un ac-
cidente ocurrido el 28 de marzo de 1968. Los peticionarios
radicaron una Moción de Sentencia Sumaria en la cual ale-
garon que habiendo ocurrido el accidente el 28 de marzo
de 1968 y habiéndose radicado la demanda el 31 de marzo
de 1969, la reclamación interpuesta por la demandante se
encontraba prescrita de acuerdo con la ley. Después de la
discusión de dicha moción, el Tribunal Superior, Sala de
Aguadilla, declaró sin lugar la solicitud de sentencia sumaria
determinando que no había transcurrido el año dispuesto por
la ley para la prescripción de la acción de la demandante.
La moción de reconsideración también fue declarada sin
lugar.

Se basa el Tribunal Superior, en su resolución denegando
la moción de sentencia sumaria, en que el Art. 1868 del
Código Civil de Puerto Rico (31 L.P.R.A. sec. 5298) dispone
que la acción para exigir la responsabilidad civil por las
obligaciones derivadas de culpa o negligencia prescriben al
año de haber sufrido los daños; que el Art. 388 del Código

Político de Puerto Rico (1 L.P.R.A. sec. 72) dispone que el tiempo en que cualquier acto prescrito por la ley debe cumplirse se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta en cuyo caso será también excluido. De manera que como el accidente ocurrió el día 28 de marzo de 1968 no es hasta el 29 de marzo de 1968 que empieza a contar el año el cual termina en 29 de marzo de 1969, pero como este último día es sábado y los tribunales no trabajan sábados y menos los domingos, que el 31 de marzo era el último día en que se podía radicar, como en efecto se radicó, la demanda.

En *Srio. del Trabajo* v. *Tribunal Superior*, 95 D.P.R. 136 (1967), reafirmamos lo que dijimos en *Escalera* v. *Andino*, 76 D.P.R. 268 (1954), o sea, que

". . . [p]artiendo de la última disposición del artículo 8 de nuestro Código Civil, en cuanto a que si los meses comprendidos dentro del término son determinables como unidades independientes, se computarán por los días que respectivamente tengan, y considerando la aplicación del cuadrienio gregoriano a nuestro pueblo para los años bisiestos, adoptamos como regla local que el año legal será de 365 días si no resulta año bisiesto y de 366 días si resulta el mes de febrero del año bisiesto comprendido dentro del término."

Véanse, además, *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 856, 858 (1965) ; *Sánchez* v. *Cooperativa Azucarera*, 66 D.P.R. 346, 349 (1946) ; Manresa, *Comentarios al Código Civil Español*, vol. 1, 7ma. ed., pág. 209; Scaevola, *Código Civil*, vol. 1, 6ta. ed., págs. 267, 268.

▮▮ Desde la fecha del accidente en este caso, el día 28 de marzo de 1968, y empezándose a contar, e incluyéndose en el cómputo, el día 29 de marzo de 1968, el término de 365 días expiró en 28 de marzo de 1969 que era un viernes, o sea, un día hábil. Como la demanda se radicó el siguiente lunes, día 31 de marzo de 1969, la acción había prescrito.

Incidió el tribunal de instancia al no dictar la sentencia sumaria solicitada. El hecho que el 1968 fuese bisiesto no afecta dicho cómputo ya que el mes de febrero de dicho año no está comprendido dentro del referido término de 365 días.

Por lo tanto, *se revocará la resolución dictada por el tribunal de instancia en 3 de junio de 1969 y en su lugar se dictará sentencia desestimando la demanda en este caso.*

El Señor Juez Presidente y los Jueces Asociados Señores Hernández Matos y Martínez Muñoz no intervinieron.