WILFREDO CÁTALA, ETC., demandante y recurrente, v. COCA COLA BOTTLING CO. DE PUERTO RICO, demandada y recurrida.

*Número:* R-71-71    *Resuelto:* 10 de septiembre de 1973

*Antonio Bauzá Torres,* abogado de la recurrente; *Vivas, Martínez-Texidor & Limeres,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

■ Plantea este caso la transmisibilidad por herencia de la acción de daños y perjuicios sufridos por la causante, cuestión resuelta hoy en *Vda. de Delgado* v. *Boston Ins. Co.* en el cual la muerte fue consecuencia del acto negligente del demandado. No altera el criterio allí expresado el hecho diferencial de que en el presente caso la víctima inicial que sufrió los daños murió de causa ajena al accidente torticero. La obligación de reparar el daño nacido del Art. 1802 del Código Civil (31 L.P.R.A. sec. 5141) crea en la parte perjudicada un correlativo derecho a recibir indemnización, en sí un bien valorable y transmisible a sus herederos por mandato del Art. 1065 del Código Civil (31 L.P.R.A. sec. 3029), al efecto de que todos los derechos adquiridos en virtud de una obligación son transmisibles con sujeción a las leyes, si no se hubiese pactado lo contrario; y bajo las reglas de sucesión universal encarnadas en los Arts. 608 y 610 del Código Civil[1]. Así lo reconoció la Sala de Caguas del Tribunal Superior pero desestimó la demanda por entender que la causa de acción había prescrito, y este aspecto de prescripción es el objeto de la presente opinión.

---

[1] Art. 608 (31 L.P.R.A. sec. 2090).

"La herencia comprende todos los bienes, derechos y obligaciones de una persona, que no se extingan por su muerte."
Art. 610 (31 L.P.R.A. sec. 2092).

"Los herederos suceden al difunto por el hecho solo de su muerte, en todos sus derechos y obligaciones."

610

Los demandantes son los padres de la niña Vilma Luisa, una menor de edad que resultó lesionada en la rodilla izquierda al explotar una botella de refresco tipo gaseosa. Fallecida dicha menor por causa no vinculada al referido accidente([2]) ocurrido el 16 de agosto de 1964, sus padres radicaron el 1 de diciembre de 1967 la demanda en que reclaman para sí como únicos y universales herederos de Vilma Luisa, la indemnización que a ésta correspondía por los daños físicos y morales derivados del explosivo refresco. Erró el juez de instancia al contar el año de prescripción que para las acciones de daños y perjuicios señala el Art. 1868-2 del Código Civil (31 L.P.R.A. sec. 5298-2), desde la fecha de causación del daño en 16 de agosto de 1964, en abierta contravención a la clara expresión estatutaria contenida en el Art. 41 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 255) que en lo pertinente dispone: "Si una persona con derecho a ejercitar una acción muriese antes de terminar el período de prescripción requerido para deducir aquélla, y la causa de acción subsistiera, los representantes de tal persona podrán ejercitar dicha acción después de la terminación de aquel período y dentro de un año de la defunción . . . ."

Al morir la niña siendo todavía menor de edad, su causa de acción, su derecho a reclamar por los daños sufridos, estaba vivo y latente, amparado por disposición expresa del Art. 40 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 254) cuyo texto relevante ordena que si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de acción menor de edad, el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción. Resulta meridianamente claro que no es hasta ocurrida la muerte de su hija que advienen los padres demandantes por título hereditario, partes propias y con genuino

---

([2]) Así se deduce de las alegaciones.

interés en la reclamación que podían iniciar, como la iniciaron, dentro del año de la defunción que señala el Art. 41 del Enjuiciamiento Civil. No hay base para restringir la acción de este Art. 41 como lo hizo la sala de instancia, a la eventualidad de que la menor muriera dentro del año de ocurrido el accidente y que la demanda de sus padres herederos se incoara dentro de ese mismo término de un año. Esa interpretación choca contra la norma de especialidad en los estatutos de prescripción que los hace de aplicación específica a la situación factual que regulan, y no a otra; [3] y subvierte el principio de la mayor transmisibilidad en la sucesión hereditaria. *Cf. Vda. de Delgado* v. *Boston Ins. Co.*, supra.) Bajo ningún orden de razonamiento podría declararse prescrita la acción, antes de que los padres advinieran a la herencia, pues aun cuando no haya disposición especial (y el Art. 41 del Enjuiciamiento Civil la tiene para un año siguiente a la defunción), el tiempo para la prescripción de toda clase de acciones se contará desde el día en que pudieron ejercitarse. Art. 1869 del Código Civil (31 L.P.R.A. sec. 5299). Repetimos que el término prescriptivo de la acción de los padres se rige por la disposición especial del Art. 41 del Enjuiciamiento Civil (32 L.P.R.A. sec. 255), y no por la general del Art. 1868 inciso 2 del Código Civil. Sostener otra cosa sería enmendar judicialmente una disposición expresa de ley; sustituir nuestro criterio en lugar de la norma legislada. (*Cf. Márquez* v. *Tribunal Superior*, 85 D.P.R. 559, 564 (1962).) La correcta inteligencia del citado art. 41 conduce a la ampliación más bien que a la limitación del término prescriptivo cuando las partes mueren

---

[3] Art. 1838 del Código Civil (31 L.P.R.A. sec. 5249).

"Las disposiciones de la presente Parte . . . se entienden sin perjuicio de lo que en este título o en leyes especiales se establezca respecto a determinados casos de prescripción."

Véase comentario a su equivalente Art. 1938 del Código Civil Español en Manresa, *Comentarios al Código Civil Español,* Tomo 12, págs. 805 y sigs., ed. 1951.

antes de que expire el término. *Rovira* v. *Oliver*, 70 D.P.R. 113, 116 (1949).

*Se revocará la sentencia revisada y en su lugar se dictará otra disponiendo la remisión del expediente a la sala de origen para la continuación de los procedimientos consistentes con esta opinión.*

El Juez Presidente, Señor Pimentel, al igual que el Juez Asociado, Señor Martínez Muñoz, no intervino.