**Ruth Smith TALIAFERRO, Plaintiff,**

v.

**Henry I. WILLETT, Jr., et al., Defendants.**

Civ. A. No. 75–0298–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 17, 1976.

Ruth S. Taliaferro, pro se.

Philip J. Hirschkop, John D. Grad, Alexandria, Va., for plaintiff.

D. Patrick Lacy, Jr., Diana J. Pioske, Walter H. Ryland, Robert P. Kyle, Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiff, Ruth Smith Taliaferro, Pro Se, brings this action against Henry I. Willett, Jr., President of Longwood College, William E. Daniel, Jr., Rector, Longwood College Board of Visitors, and Erwin H. Will, Jr., Chairman of the Board of Trustees of the Virginia Supplemental Retirement System, each in their official and individual capacity, for an allegedly unconstitutional notice of retirement from her position as a tenured teacher at Longwood College.

Plaintiff attacks the constitutionality of § 51–111.54 of the Code of Virginia, which pertains to the retirement of state employees and teachers, both in its application to her case and on its face. A cause of action is stated under 42 U.S.C. § 1983 in conjunction with the Fifth and Fourteenth Amendments to the United States Constitution, and jurisdiction is appropriate under 28 U.S.C. § 1343(3).

■ Plaintiff seeks declaratory and other relief, 28 U.S.C. §§ 2201, 2202, Federal Rules of Civil Procedure 57, but does not seek injunctive relief.[1] The case is before the Court on the defendants' motion to dismiss and cross-motions for summary judgment. The matters have been fully briefed and argued and the Court deems them ripe for determination.

■■ The defendants argue first that the plaintiff may not sue the defendants under § 1983 in their "official capacity,"[2] and second, that the plaintiff can sue the defendants in their individual capacities under § 1983 only upon allegations of bad faith, or knowing or reckless conduct.[3] Both arguments have been rejected, when the relief sought is equitable in nature, *Hogge v. Hedrick*, 391 F.Supp. 91, 96–97 (E.D.Va.1975). *See also Rowley v. McMillan*, 502 F.2d 1326, 1331 (4th Cir. 1974); *Harper v. Kloster*, 486 F.2d 1134, 1138 (4th Cir. 1973); *Hirschkopf v. Virginia Bar*, Civil Action No. 74–0243–R (E.D.Va., Order of January 7, 1975). Defendants also contend that the action is barred by the applicable Statute of Limitations. In *VanHorn v. Lukhard*, 392 F.Supp. 384 (E.D.Va.1975) this Court held that the applicable limitations period was proscribed by Virginia's two year "personal injury" statute. Va.Code § 8–24. Mrs. Taliaferro's employment with the college was terminated June 30, 1973, within the two year period.[4] The defendants argue however, that she was informed of her retirement by letter from the Dean of the College early in June of 1973, outside the two year period, and that since her injury ripened into a cause of action at that time, her action is now time barred. While an aggrieved party may contest termination procedures before the actual termination is effective, *see Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 568, 92 S.Ct. 2701, 2704, 33 L.Ed.2d 548, 555 (1972), such a party also has an election to treat an employment contract as in force until actual termination of the employment relationship occurs in hopes of negotiating a reconciliation without judicial intervention. If such an election is made, and attempts at settlement fail, the cause of action accrues at the time the employment relationship

1. Accordingly, the convening of a three judge court, 28 U.S.C. § 2281, is not required. *E. g., Whatley v. Clark*, 482 F.2d 1230 (5th Cir. 1973); *Seergy v. Kings County Republican County Committee*, 459 F.2d 308 (2d Cir. 1972).

2. The argument is based on the interpretation of § 1983 advanced in *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The Court in *Bruno* held that a municipality was not a "person" for the purposes of § 1983.

3. Immunity from suits for monetary damages has been accorded to public officials who act in good faith. *E. g., Hill v. Rowland*, 474 F.2d 1374, 1377 (4th Cir. 1973).

4. The complaint was filed on June 27, 1975.

ceases. In the instant case, the plaintiff elected to treat the employment relationship as continuing until actually terminated, and pressed for reconsideration of the decision by College officials. Accordingly, her cause of action can be said to have accrued on the date of her release, which was within the two year period proscribed by the Statute of Limitations. The defendants' motion to dismiss insofar as it is predicated upon these grounds, must be denied.

The motion to dismiss, and the cross-motions for partial summary judgment contest the constitutionality of § 51–111.54 on its face, i. e. without reference to the particular facts of the instant case. The section establishes retirement limits for Virginia state employees and teachers: "Any state employee or teacher, both as defined in § 51–111.10, who attains seventy years of age shall be retired forthwith; provided that the employer may provide for the compulsory retirement of his employees at any age from sixty-five to seventy  . . ." The plaintiff argues that the section (1) delegates unbridled discretionary legislative power to state employers in conflict with the requirements of the Virginia Constitution and the Fourteenth Amendment of the United States Constitution, (2) is vague and uncertain in violation of the Fourteenth Amendment, (3) authorizes state officials to treat unequally persons who are similarly situated, in violation of the Equal Protection Clause of the Fourteenth Amendment, and (4) fails to provide procedural safeguards required by the Due Process Clause of the Fourteenth Amendment.

Before addressing the plaintiff's arguments, it is necessary to note that the plaintiff is not arguing that age ceilings for public employment constitute *per se* violations of the Equal Protection or Due Process Clause. See *Weisbrod v. Lynn*, 420 U.S. 940, 95 S.Ct. 1319, 43 L.Ed.2d 420 (1975); *McIlvaine v. Pennsylvania*, 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884 (1974); *Rubino v. Ghezzi*, 512 F.2d 431, 433 (2d Cir. 1975); *Weiss v. Walsh*, 324 F.Supp. 75 (S.D.N.Y.1971), 461 F.2d 846 (2d Cir. 1972). Rather, she is contending that the discretion allowed state officials in proscribing retirement ages for state teachers and employees between the ages of sixty-five and seventy is unconstitutional.

■ An assessment of the constitutionality of this section on its face will necessarily involve a detailed construction and interpretation of its proscriptions. For example, does an employer have the ability to impose one standard age of retirement on all of his employees or may he make individual determinations predicated on the particular facts of each employee's case? Does the section by omitting the procedural requirements of notice and a hearing, sanction retirement decisions made without those processes? Since the plaintiff has alleged facts that entitle her to be heard on the constitutionality of this section as applied to her particular case,[5] and a decision on the constitutionality of the application of the section may moot the necessity of this Court attempting to interpret the proscriptions of the state provision itself, the Court will postpone considerations of the motions for partial summary judgment until after a hearing on the merits. See *Williams v. Howard Johnson's Inc.*, 323 F.2d 102, 105 (4th Cir. 1963).

An appropriate order will issue.

---

**5.** Defendant Erwin H. Will, Jr., argues in the motion to dismiss that he was not a superior with supervisory authority to the President of Longwood College or the members of the Board of Visitors of Longwood College, the people who made the retirement decision affecting the plaintiff, and therefore, the plaintiff has not stated a cause of action against him in either his official or individual capacity. However, defendant Will is allegedly a participant in the execution of the contested section. Once state employees are officially retired, the Virginia Supplemental Retirement System, of which Mr. Will is a ranking official, is allegedly responsible for paying benefits. Mr. Wills input in the retirement decisions is a matter that must be left for trial. Accordingly, defendant Wills' motion to dismiss will be denied.