Angel Luis Allende VELAZQUEZ,
Plaintiff,

v.

Carlos CHARDON, individually and as
Secretary of Public Education of the
Commonwealth of Puerto Rico and Os-
car Ramos, individually and as Assistant
Secretary, in charge of Personnel of
Public Education of the Commonwealth
of Puerto Rico, Defendants.

Civ. No. 79–71.

United States District Court,
D. Puerto Rico.

April 2, 1980.

Harry Nadal Arcelay, Cancio, Nadal &
Rivera, San Juan, P. R., for plaintiff.

Dept. of Justice, Com. of P. R., Old San
Juan, P. R., for defendants.

DECISION AND ORDER

TORRUELLA, District Judge.

The present civil rights action is now
before us on Defendant's "Motion to Dis-
miss and/Or For Judgment on the Plead-
ings" and Plaintiff's "Motion to Strike Af-
firmative Defenses." Each Motion has
been duly opposed and extensively argued.

The basic facts, and chronological history
of this case are simple and generally not
disputed. Defendants in this suit are the
Secretary and the Personnel Director of the
Department of Education of the Common-
wealth of Puerto Rico. Plaintiff is an em-
ployee of the Department. During the lat-
ter part of 1976 Plaintiff was promoted on
a non–permanent basis to the position of
Elementary School Director III. He held,
and performed duties at this position during
the 1976–1977 school year. On June 9,

1977 [1] Plaintiff was notified that his non—permanent appointment would expire at the end of that school year and that he was being reassigned to his previous permanent position.[2] This notice stated that the demotion would be effective August 8, 1977, see note 2. Shortly after receipt of this notice, on June 5, 1977, Plaintiff replied his disagreement and noted he would comply, but stated he would refer the matter to the Teachers Association for the "necessary action."[3] At the start of the 1977–1978 school year Plaintiff returned to his demoted tenured position where, according to the complaint, he labors to this date. Plaintiff claims the demotion was motivated entirely by political considerations and is therefore violative of several constitutional provisions. He invokes a cause of action under federal law, 42 U.S.C. § 1983, and by virtue of this Court's pendent jurisdiction under local law, 18 L.P.R.A. §§ 211, 214, 249e.

Defendants' Motion to Dismiss is premised on the argument that Plaintiff's cause of action accrued on June 9, 1977, date of the notice of reassignment, and that a complaint filed on January 10, 1979 [4] is therefore time barred. On the other hand Plaintiff's opposition retorts that the correct accrual date is August 8, 1977, the date the demotion became effective.[5] Because both parties concede, as they must,[6] that this action is governed by the one year time limitation set out in Article 1868(2) of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5298(2), the issue, simply stated, is when the one year time period commenced running. If we accept either June 9, 1977, or June 15, 1977,[7] i. e., the date of the notice of

1. Although this notification is dated May 31, 1977 Plaintiff has noted at the bottom of this letter that it was not received by him until June 9, 1977. Defendants do not contest this date and we assume no dispute to be present on this point. See Attachment A to the complaint.

2. This notice reads in full:
   "Dear Mr. Allende:
   As you know the appointment to the position you now occupy expires with the termination of the present school year.
   "While we appreciate your collaboration we remind you that you are correspondingly reinstated to the position in which you have tenure in the system. To this effect our Personnel Division is proceeding to reinstate you to position number 0126 which is elementary school teacher in the Loíza School District effective August 8, 1977." (Translation ours). See Attachment A to the Complaint.

3. The reply reads:
   "Dear Mr. Secretary:
   "I have received a communication from the Department in your name dated May 31, 1977, signed by Mr. Julio Cintrón López, Director of the Personnel Division. I am not in agreement with your decision.
   "To this effect I have remitted copy of the same to the Puerto Rico Teachers Association so that said organization may instruct its legal division to take the necessary action.
   "Meanwhile, I shall comply with the Order sent by you." (Translation ours). See Attachment B to the Complaint.

4. The complaint in the present case was filed on January 10, 1977. However, because he was part of the purported class set out in the complaint filed in Civil Number 78 1156 on June 19, 1978, this earlier class action suit tolled the limitations statute for all members of the class irrespectively of whether the class was later certified or not. See: *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Therefore, Plaintiff's suit is timely only if it accrued within one year of June 19, 1978.

5. Although not fully developed, an alternate argument advanced by Plaintiff is that this cause of action has yet to accrue because he is still functioning at his demoted position and is therefore still suffering from discrimination.

6. See: *Gual Morales v. Hernández Vega*, 579 F.2d 677, 679 (C.A.1, 1978); *Hernández Jiménez v. Calero Toledo*, 576 F.2d 402, 404 (C.A.1, 1978); *Ramírez de Arellano v. Alvarez de Choudens*, 575 F.2d 315, 318 319 (C.A.1, 1978); *Hernández del Valle v. Santa Aponte*, 575 F.2d 321, 322 (C.A.1, 1978); *Graffals v. García*, 550 F.2d 687 (C.A.1, 1977).

7. There is a dispute between the parties as to whether the letter of protest, see fn. 4 supra, tolled the running of the statute of limitations. Because the determinative date is June 19, 1978, see fn. 4, supra, this argument is immaterial. Even if this note did toll the limitations period the complaint would still be untimely.

reassignment or the date of Plaintiff's protest note, this action is without a doubt time barred. Conversely, if we accept August 8, 1977, the date the reassignment became effective, or Plaintiff's alternate argument that the action has yet to accrue, the action must be considered timely.

■■ Although the limitations period is borrowed from local law, see fn. 6 supra, the question of when a federal action accrues is one to be determined by federal law. *Bireline v. Seagondollar*, 567 F.2d 260, 263 (C.A.1, 1977); *Briley v. California*, 564 F.2d 849 (C.A.9, 1977); *Cox v. Stanton*, 529 F.2d 47 (C.A.4, 1975), cf. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action."[8] *Cox v. Stanton*, supra, p. 50; cited at *Michell v. Hendricks*, 431 F.Supp. 1295, 1298 (E.D.Pa. 1977); cf. also *Urie v. Thompson*, 337 U.S. 163, 169–70, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282 (1949). In essence, Defendants' theory is that Plaintiff knew of the injury from receipt of the notice of reassignment on June 15, 1977 while Plaintiff's position is that there was no "actual injury," and therefore no basis for an action until the reassignment became effective on August 8, 1977.

■ Our reading of the material before us reveals that: first, no claim is made by Plaintiff that he did not know, or did not have reason to know of the alleged political motivations behind the June 9, 1977 notice of reassignment.[9] Second, there is no allegation that Defendants fraudulently concealed from Plaintiff their injury causing acts. Cf. *Hernández Jiménez v. Calero Toledo*, 576 F.2d 402, 404 (C.A.1, 1978); see also: *Holmberg v. Armbrecht*, 327 U.S. 392, 396–97, 66 S.Ct. 582, 584–85, 90 L.Ed. 743

(1946). Third, no conspiracy of any kind is alleged. See *Gual Morales v. Hernández Vega*, 579 F.2d 677 (C.A.1, 1979); *Hernández Jiménez v. Calero Toledo*, supra; *Kadar v. Milbury*, 549 F.2d 230 (C.A.1, 1977).

■ Plaintiff's position is instead premised on the argument that after receipt of the official notice of reassignment he could not bring suit because there was still lacking a necessary element for a valid cause of action, viz., the actual harm. This is not correct. Depending on the circumstances, even the "threat of dismissal" for political motivations is enough to trigger a civil rights cause of action and entitlement to immediate specific relief. *Elrod v. Burns*, 427 U.S. 347, 359, 96 S.Ct. 2673, 2682, 49 L.Ed.2d 547 (1976); see also: *Abood v. Detroit Board of Education*, 431 U.S. 209, 235–36, 77 S.Ct. 1782, 1799–1800, 52 L.Ed.2d 261 (1977); cf. *Board of Regents v. Roth*, 408 U.S. 564, 568, 92 S.Ct. 2701, 2704, 33 L.Ed.2d 548 (1972). We realize that the relief that may have been requested, or that may have been available, at any point prior to August 8, 1977 would certainly vary from what would be the case after this date. But surely if Plaintiff's claim had any merit, temporary injunctive relief would have been available, *Elrod v. Burns*, supra, 373–74, 96 S.Ct. 2689–90, and certainly this would have mitigated any damages that would have been realized. In this sense much of what the complaint seeks in the way of relief, viz., reinstatement, back pay and damage amounts, would have been lessened if not mooted.

Further, it is not entirely accurate to characterize an official notice of reassignment as a "threat of future harm, not yet realized",[10] Plf's Memorandum of Law, January 24, 1980, p. 9, nor is it fair to say that this situation only involves ". . . fears from

---

8. This is similar to the Puerto Rican rule on accrual in this type of action, see: 31 L.P.R.A. § 5298(2).

9. Indeed the fact that identical responses were made by over one hundred similarly affected

persons would seriously discredit such a claim. See complaint of June 19, 1978 and Amended Complaint of October 5, 1978 in Civil Number 78–1156.

10. Citing from Prosser, *The Law of Torts*, (4th ed. 1971) p. 143.

another's possible conduct . . ." Plf's Memorandum of Law, January 24, 1980, p. 6, or only "knowledge that their civil rights will be attacked in the future", Plf's Memorandum, October 25, 1979, p. 13. An official notice that one has been demoted coupled with knowledge of the reasons for the demotion is harm realized. The official notice of reassignment cannot, under any guise, be viewed as an indication that Plaintiff's right will be attacked in the future. If Plaintiff's allegations of political motivation are true, as we construe them to this point,[11] on receipt of the notice his rights were violated then and there and a "complete and present cause of action existed." *Rawlings v. Ray*, 312 U.S. 96, 98, 61 S.Ct. 473, 474, 85 L.Ed. 605 (1941); Cf. *Blake v. Town of Delaware*, 441 F.Supp. 1189, 1199–1200 (D.Del.1977).

We admit Plaintiff's position finds superficial support in cases cited by him in his argument: *Morelock v. N.C.R. Corp.*, 586 F.2d 1096 (C.A.6, 1978); *Jackson v. Alcan Sheet & Plate*, 462 F.Supp. 82 (N.D.N.Y. 1978); *Taliaferro v. Willett*, 411 F.Supp. 595 (F.D.Vir.1976). But see also: *Bireline v. Seagondollar*, 567 F.2d 260 (C.A.4, 1977). Greater scrutiny, however, would reveal crucial differences between this authority and the case at bar. For example, in *Morelock v. N.C.R. Corp.* supra, an action was brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* by employees who had lost their jobs by a reduction in work force through the operations of the employer's seniority system. The employer argued that the action was timebarred on the grounds that Plaintiffs' cause of action accrued on the date the seniority system was adopted by the company. Plaintiffs retorted that the effective accrual date was the date when they were in fact laid off. Because the employer's argument signified that an employee hired "more than three years[12] after the implementation of a seniority system could never challenge its validity," the Court specifically held that: "An employee's cause of action for an alleged act of age discrimination caused by a discriminatory seniority system, does not accrue until his employment opportunities are adversely affected by the application to him of the provisions of that seniority system." *Id.* at p. 1103. The facts before us are noticeably different from those before the Court in *Morelock*.

Nor is *Jackson v. Alcan Sheet & Plate*, supra, much authority for Plaintiff's position. In this action, also involving an ADEA claim, the Plaintiff was first notified of his dismissal, and a few days later actually ceased working. After termination of his employment, however, he continued to press for reinstatement before the corporate headquarters of his employer and a state administrative agency. The Court's entire analysis centers on whether the action accrued on the date he ceased working or whether his subsequent attempts to gain reinstatement had tolled the limitations period. In choosing the dismissal date as the date of accrual the Court rejected the argument that continuing contacts could be considered as suspending the limitations period insofar as they are not necessarily determinative of when a Plaintiff was in fact adversely affected. Because the case at bar involves a reassignment which is to become

---

11. The limitations issue has been raised by Defendants in a Motion entitled "Motion To Dismiss and/Or For Judgment On The Pleadings." There is some question as to how this Motion should be procedurally treated. We do note that "matters outside the pleadings have been presented" and considered in our disposition of this Motion. See Rule 12(b), F.R.Civ.P. However, we make clear that we have made no findings of fact in our disposition of this Motion but have accepted them as presented by the parties. In any event the limitations issue as presented here is one of dates and as to these there is no dispute. We find none of the constraints of either Rule 12 or 56 as precluding our present conclusion.

12. Under the A.D.E.A. three years is the maximum statutory time period that may elapse before an action becomes timebarred. 29 U.S.C. § 255.

effective from one school year to the next and because Plaintiff here was notified after the preceding school year had terminated, the *Jackson* rationale detracts from, rather than enhances, Plaintiff's position. Cf. *Bonham v. Dresser Industries, Inc.*, 424 F.Supp. 891 (W.D.Pa.1976); *Davis v. R. J. R. Foods, Inc.*, 420 F.Supp. 930 (S.D.N.Y. 1976), aff'd 556 F.2d 555 (C.A.2, 1977). The fact that an ongoing relationship continued between plaintiff and defendant does not affect the fact that plaintiff knew he was injured on a date certain.

The third case, *Taliaferro v. Willett*, supra is more factually analogous to the case at bar. Here suit was brought by a college professor attacking an alleged unconstitutional notice of retirement. She had been notified by letter in early June 1973 of her retirement to become effective at the end of that school year, June 30, 1973. The issue here was also when had the action accrued; when she was notified or when it became effective. The Court chose the latter reasoning:

> "While an aggrieved party may contest termination procedures before the actual termination is effective, see *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 568, [92 S.Ct. 2701, 2704, 33 L.Ed.2d 548] (1972), such a party also has an election to treat an employment contract as in force until actual termination of the employment relationship occurs in hopes of negotiating a reconciliation without judicial intervention. If such an election is made, and attempts at settlement fail, the cause of action accrues at the time the employment relationship ceases. In the instant case, the Plaintiff elected to treat the employment relationship as continuing until actually terminated, and pressed for reconsideration of the decision by College officials. Accordingly, her cause of action can be said to have accrued on the date of her release, ..." *Id.* p. 596–97.

Here the Court found that a cause of action could not accrue at least until the school year had ended and the employment contract could be considered terminated. Compare our holding today in *Ortiz Rivera v. Chardón et al.*, Civil Number 78–1156; cf. also the situation in *Jackson v. Alcan Sheet & Plate*, discussed above. But in the case at bar the notification came after, and not before, the school year had ended. Moreover, it involves a reassignment and not a dismissal. After Plaintiff was officially notified there was no contract which he could elect to treat as "in force." Any such contractual claims ceased with the end of the preceding school year. After these events Plaintiff could have no reasonable expectations that he would function at the Directors position at the beginning of the new school year. To say otherwise is to hold that a limitations period is tolled merely by a plaintiff's unilateral belief that his wrong or harm will be reversed or abated in the future. *Taliaferro* clearly does not stand for this proposition and we fail to find any authority that would command such a conclusion.

■ Further, we find no merit in Plaintiff's argument that the cause of action has failed to accrue because he is still suffering from the effects of the discrimination. We have read the complaint carefully. At most all that is claimed is that Plaintiff still labors at his demoted position. See complaint par. 12. "To state such a continuing violation ... a complaint must indicate that not only the injury, but the discrimination, is in fact ongoing.... A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination." *Goldman v. Sears, Roebuck & Company*, 607 F.2d 1014 (C.A.1, 1979); cf. also: *United Airlines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Daughtry v. King's Department Stores*, 608 F.2d 906 (C.A.1, 1979). "[T]he mere failure to right a wrong and make plaintiff whole cannot be a continuing wrong which tolls the statute of limitations, for that is the purpose of any lawsuit and the exception would obliterate the rule." *Fitzgerald v. Seamans*, 553 F.2d 220, 230 (C.A.D.C.1977).

Lastly, we recognize with Plaintiff that Puerto Rico's statute of limitations may be shorter than most such statutes, *Templeman v. Baudhuin Yacht Harbour, Inc.*, 608 F.2d 916 (C.A.1, 1979). But the effect of such a statute is not governed by its length. "Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suits inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests prohibiting the prosecution of stale ones." *Johnson v. Railway Express Agency*, 421 U.S. 454, 463–64, 95 S.Ct. 1716, 1721–22, 44 L.Ed.2d 295 (1975). And while Plaintiff's statement that his claim is not yet "stale," may have considerable merit to it, this is a value judgment where § 5298(2), 31 L.P.R.A., has dictated otherwise. "It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims." *United States v. Kubrick*, supra, 444 U.S. p. 125, 100 S.Ct. p. 361.

For all the above cited reasons we find that a cause of action for demotion in public employment for political reasons accrues when the employee is given official notice of his demotion and he is aware of the illegal motives behind such action. In the present action we are forced to conclude that the one year time limit had elapsed before the present action was filed and it is therefore, timebarred. The Complaint is accordingly, DISMISSED.

The Clerk of the Court shall enter Judgment accordingly.

IT IS SO ORDERED.