Claudio Aviles **NAVARRO**, Plaintiff,

v.

Carlos **CHARDÓN**, Individually and as Secretary of Public Education of the Commonwealth of Puerto Rico

**and**

Oscar Ramos, Individually and as Assistant Secretary, in charge of Personnel of Public Education of the Commonwealth of Puerto Rico, Defendants.

Civ. No. 79–324.

United States District Court, D. Puerto Rico.

Nov. 14, 1980.

Harry Nadal Arcelay, San Juan, P. R., for plaintiff.

Dept. of Justice, Roberto Córdova, San Juan, P. R., for defendants.

## OPINION AND ORDER

GIERBOLINI, District Judge.

The plaintiff instituted this civil rights action under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202, and by virtue of this Court's pendant jurisdiction under local law, 18 LPRA §§ 211, 214, 249e, alleging a work demotion based on political considerations.

Defendants in this suit are the Secretary and the Personnel Director of the Department of Education of the Commonwealth of Puerto Rico. Plaintiff is a tenured employee of the Department as a Secondary Teacher. During the month of September, 1975 he was reassigned on a non-permanent basis to the position of Second Unit Director III and in October, 1976 he was reclassified to Director IV. He performed at those positions during the 1975–1976 and 1976–1977 school years. Between the 13th and 15th of June, 1977 plaintiff was notified that his non-permanent appointment would expire at the end of that school year [1] and that he would be reassigned to his permanent position as a secondary teacher in the Quebradillas District effective the beginning of the next school year.[2] On August 12, 1977, in a letter to the Honorable Carlos Chardón, plaintiff informed his disagreement and expressed that although he would comply, he would refer the matter to the Teachers' Association in order for its legal division to take the necessary action.[3] At the beginning of the 1977–78 school year, Plaintiff returned to his tenured position which, according to the complaint, he still holds to this date. Plaintiff claims his return to his tenured position was a demotion politically motivated and, therefore, violative of his constitutional rights. We are not ready at this time to determine whether in fact and in law plaintiff's return from his non-permanent to his permanent position was a demotion or not, but for the purpose of this Opinion, we assume without deciding, that it was.

Defendants have filed a Motion to Dismiss premised on the argument that Plaintiff's cause of action accrued on or about June 15, 1977, date of the notice of reassignment, and that a complaint filed on January 26, 1979 [4] is hence time-barred by the statute of limitations. On the other hand, Plaintiff's position is that the correct accrual date is August 1, 1977, the date the alleged demotion became effective.[5]

The time of accrual of a tort action in the Commonwealth of Puerto Rico under 31

---

1. A school year is defined in 18 LPRA Section 77 as:

    "The school year shall in no case exceed ten months and shall be as much less as the Secretary of Education shall direct; Provided, that the school year shall in no case be less than eight months; And provided, further, That the school director in the school district may extend the school year beyond the limit fixed by the Secretary of Education, but not to exceed the maximum limited herein provided for. In all cases where such extension of the school year is made, it shall be wholly at the expense of the district authorizing it."

2. Although the notification is dated May 25, 1977 Plaintiff has noted at the bottom of this letter that it was not received by him until the dates herein indicated. See Attachment *A* to the Complaint.

3. See Attachment *B* to the Complaint.

4. The complaint in the present case was filed on January 26, 1979. However, because he was part of the purported class set out in the complaint filed in Civil Number 78–1156 on June 19, 1978, this earlier class action suit tolled the limitations statute for all members of the class irrespectively of whether the class was later certified or not. See: *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Therefore, Plaintiff's suit is timely only if it accrued within one year of June 19, 1978.

5. Plaintiff advances an alternate argument that this cause of action has yet to accrue because he is still employed at his demoted position and is therefore still suffering from discrimination.

LPRA 5298(2) is similar to the federal law since Section 5298 reads that: "the actions to demand civil liability . . . or negligence prescribe in one year 'from the time the aggrieved person had knowledge thereof' ". See *Cátala v. Coca-Cola*, 101 DPR 608 (1973); *Comunidad Agrícola Bianchi v. Trib. Superior*, 99 DPR 376 (1970).

As a general rule, where a federal statute creates a wholly federally protected right, but no provision is made for a specific statute of limitations, the state statute of limitations for analogous types of actions is to be applied. *Board of Regents of the Univ. of New York v. Mary Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Both parties concede that this action is governed by the one-year statute of limitations period provided by 31 LPRA Section 5298(2). See: *Gual Morales v. Hernández Vega*, 579 F.2d 677, 679 (1 Cir. 1978); *Hernández Jiménez v. Calero Toledo*, 576 F.2d 402, 404 (1 Cir. 1978); *Ramírez de Arellano v. Alvarez de Choudens*, 575 F.2d 315, 318–319 (1 Cir. 1978).

However, the problem to be solved is the time of accrual of the present cause of action and, accordingly, when the one-year time period commenced running. If we accept that any day between the 13th and 15th of June, 1977, i. e., the date of the notice of reassignment, this action is without doubt time barred. Conversely, if we accept August 1, 1977, or August 12, 1977, i. e. the date the reassignment became effective or the date of Plaintiff's protest letter [6] or Plaintiff's alternate argument that the action has yet to accrue, the action must be considered timely.

While the time limitation itself is borrowed from state law, the federal law determines the time of accrual of a right of action. *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977), Cert. den. 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975), *Briley v. State of California*, 564 F.2d 849, 854 (9th Cir. 1977), cf. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Federal Law holds that the time of accrual is when plaintiff knows or has reason to know the injury which is the basis of the action.[7] *Cox v. Stanton, supra*, at 50 citing *Young v. Clinchfield R. R. Co.*, 288 F.2d 499, 503 (4th Cir. 1961); *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980).

In the instant case, plaintiff adduces that the official notice of reassignment constituted a threat of future harm not yet realized and that their suit became actionable only upon their demotion, the time at which they suffered a real injury. We disagree.

This notice was not a mere threat of future harm not yet realized.[8] This was clearly defendants' final position and not just a threat. A threat can be defined as an expression of intention to inflict harm or injury on another in the future, being such occurrence uncertain. cf. *Heywood v. Tillson*, 75 Me. 225. Defendants' letter was a notice of his final determination, with prospective effects indeed, but undoubtedly not just an uncertain promise to do something in the future. At this time defendant had all the critical facts and all the necessary knowledge of injury, breach, duty and damages. No more is needed to trigger the start of the one year limitation, within which the action must be filed or lost forever. Cf. *Stoleson v. U. S.* (7 Cir.) 629 F.2d 1265 (1980).

Accordingly, we find that upon the receipt of the official notice of reassignment, whereby through competent authority plaintiff knew the alleged harm, a complete

---

6. There is some dispute between the parties as to whether the letter of protest tolled the running of the statute of limitations.

7. This is analogous to the Puerto Rican rule on accrual governing this type of action; see: 31 LPRA Section 5298(2).

8. The letter stated: "As you know, your actual position appointment expires at the end of the present school year . . . (O)ur Teaching Personnel Division is proceeding to reinstate you at your position . . . as secondary teacher in the Quebradillas School District, effective at the beginning of the next school year." (Our translation)

cause of action existed and it should have been filed within the next year. Our conclusion is buttressed by *Bireline v. Seagondollar, supra,* where the Circuit Court upheld the district judge's decision which states as follows:

"On May 19, 1970, the Plaintiff was given a termination notice by Chancellor Caldwell and that notice was intended to be and was in fact a final notice of termination of employment. On or before May 19, 1970, I find as a fact that plaintiff's cause of action accrued and that she could have at any time thereafter sued . . . with regard to the termination of her employment . . ."

Even though plaintiff herein has tendered several cases in support of his argument, i. e., *Morelock v. N. C. R. Corp.,* 586 F.2d 1096 (6th Cir. 1978); *Jackson v. Alcan Sheet & Plate,* 462 F.Supp. 82 (D.C.N.Y. 1979); *Taliaferro v. Willett,* 411 F.Supp. 595 (ED Va.1976) upon close examination of these authorities we find that they can be easily distinguished from the case at bar and thus, merit no discussion here, with the exception of the *Taliaferro* case.

The *Taliaferro* case, *supra,* presents a factual situation which is analogous to the case before us. There, Mrs. Taliaferro, a college professor, instituted a civil rights action on a claim of an allegedly unconstitutional notice of retirement from her position as a tenured teacher. She had been notified of her retirement by letter from the Dean early in June 1973 to become effective at the end of that school year, June 30, 1973. The controversy therein, as in the instant case, was when had the action accrued; when she was notified or when it became effective. The Court selected the latter, concluding:

"While an aggrieved party may contest termination procedures before the actual termination is effective, see *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 568, 92 S.Ct. 2701, 2704, 33 L.Ed.2d 548, 555 (1972), such a party also has an election to treat an employment contract as in force until actual termination of the employment relationship occurs in hopes of negotiating a reconciliation without judicial intervention. If such an election is made, and attempts at settlement fail, the cause of action accrues at the time the employment relationship ceases. In the instant case, the plaintiff elected to treat the employment relationship as continuing until actually terminated and pressed for reconsideration of the decision by College officials. Accordingly, her cause of action can be said to have accrued on the date of her release. . . ." Id. p. 596–597.

The Court figured that her cause of action could not accrue until the school year had ended and the employment contract could not be considered terminated. However, the case at bar involves a reinstatement, not a dismissal. After plaintiff received official notice that his nonpermanent appointment would expire at the end of that school year and that he was being reassigned to his previous permanent position, plaintiff could have no reasonable expectations that he would occupy the Director's position at the beginning of the next school year. At that moment plaintiff's cause of action accrued and the one year period began running.

Moreover, we refuse to follow the *Taliaferro* rationale because of its inherent contradictions. While it admits that an aggrieved party may contest termination procedures before the actual termination is effective, it also states that the cause of action can accrue at the time the employment relationship ceases. Undoubtedly, if the cause of action is ripe before the actual termination of the relationship, then it follows that the time of accrual preceeds the termination date, i. e. upon receipt of the notice of dismissal.[9]

As to the case at bar, we find no merit in plaintiff's assertions to the effect that the cause of action has failed to accrue because

9. But note that in the case before us, different from *Taliaferro,* there were never settlement conversations or negotiations for reconciliation.

he is still suffering from the effects of discrimination. Plaintiff's only allegation in relation to this point is that he still labors at his demoted position. See complaint, par. 12. Nevertheless, "to state such a continuing violation . . . a complaint must indicate that not only the injury, but the discrimination, is in fact ongoing . . . A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination." *Goldman v. Sears, Roebuck & Company*, 607 F.2d 1014, 1018 (1st Cir. 1979); cf. also *United Air Lines Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). Accordingly, "the mere failure to right a wrong and make plaintiff whole cannot be a continuing wrong which tolls the statute of limitations, for that is the purpose of any lawsuit and the exception would obliterate the rule." *Fitzgerald v. Seamans*, 553 F.2d 220, 230 (D.C.Cir.1977).

■ Lastly, we turn to consider plaintiff's argument that the letter of protest dated August 12, 1977 [10] tolled the running of the statute of limitations. In *Graffals v. Garcia*, 550 F.2d 687 (1st Cir. 1977) our Court of Appeals affirmed the district court's decision in 415 F.Supp. 19 (D.C.P.R. 1976) establishing that: "The tolling of the one year period provided by Section 5298(2) is governed by P.R.Laws Annotated, Title 31, Section 5303, which states: Prescription of actions is interrupted by their institution before the Courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." In interpreting the phrase "their institution before the courts" this Court ruled that said action must be the one exercised, not another one that is more or less analogous.

It was made clear that by referring to "their institution" the statute appears to state that it is the commencement of the action at bar and not some other action which tolls the period of limitation. This doctrine was reaffirmed in *Ramírez de Arellano v. Alvarez de Choudens*, supra, where the Circuit Court of Appeals for the First Circuit held that: "We are unwilling to depart from the interpretation of Section 5303 announced in *Graffals*, that to toll the statute the action must be the case at bar and not merely a somewhat related action arising from the same facts."

But clearly, plaintiff's protest letter cannot arguably be considered an extrajudicial claim. In *Hernández del Valle v. Santa Aponte*, 575 F.2d 321, 323 (1st Cir. 1978) the Court found that an extrajudicial demand in the form of letters did not give defendant fair notice "that he might be called upon to defend a damages suit with different issues not applicable to a suit for injunctive relief." Thus, "these letters did not toll the one year statute of limitations."

In view of the foregoing, we are forced to conclude that plaintiff's protest letter objecting to the termination of his contract and his reinstatement to his tenured position did not toll the statute of limitations. The letter merely notified the co-defendant, Secretary of Education, that the notice of termination was being forwarded to the Teachers' Association legal division "to take the necessary action." (Translation ours) Certainly, plaintiff gave no indication of any kind of financial obligation on the part of defendant.

We find that a cause of action for a demotion in public employment for political motives accrues when the employee is given such official notice and he is aware of the illegal motives behind such action. In the present action the one year time limit had elapsed before the present action was filed and it is therefore, time-barred. The Complaint is hereby dismissed.

---

10. It reads:

"Dear Mr. Secretary:

"I have received a communication from the Department in your name dated May 25, 1977, signed by Mr. Julio Cintrón López, Director of the Personnel Division. I am not in agreement with your decision.

"To this effect I have remitted copy of the same to the Puerto Rico Teacher's Association so that said organization may instruct its legal division to take the necessary action.

"Meanwhile, I shall comply with the Order sent by you." (Translation ours)

See Attachment B of the Complaint

The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

