**Louise C. FEILDER, Plaintiff,**

v.

**Darwin Gene MOORE et al., Defendants.**

**No. C–C–76–274.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Nov. 12, 1976.

James C. Fuller, Jr., Chambers, Stein, Ferguson & Becton, Charlotte, N. C., for plaintiff.

Frank B. Aycock, III, Mraz, Aycock, Casstevens & Davis, Charlotte, N. C., for defendants.

ORDER

McMILLAN, District Judge.

Plaintiff brings this 42 U.S.C. § 1983 action against the Sheriff of Mecklenburg

County and one of his deputies, alleging that the deputy unreasonably and unconstitutionally beat her. There is a pendent claim of assault and battery.

Defendants move to dismiss on the ground that the statute of limitations bars the action.

It appears undisputed that the acts complained of occurred in February, 1975. The complaint was filed on October 4, 1976.

There is no federal statute of limitations for actions commenced under 42 U.S.C. § 1983. Federal courts look to state statutes to select the limitation period. *Almond v. Kent,* 459 F.2d 200, 203 (4th Cir. 1972). While looking at state statutes, the court must apply federal law in making the decision. *Van Horn v. Lukhard,* 392 F.Supp. 384 (E.D.Va.1975).

Defendant contends that the one-year limitation of North Carolina General Statutes § 1–54(1) or § 1–54(3) for trespass under color of state office or for assault and battery should apply. Plaintiff contends that the three-year limitation of North Carolina General Statutes § 1–52(2) (Supp. 1975) for "liability created by statute," state or federal, should apply. I conclude that the three-year limitation of NCGS § 1–52(2) applies.

North Carolina General Statutes § 1–54(1) prescribing the limitation period for trespass under color of a public office has been repealed by the North Carolina Session Laws 1975, c. 252, s. 5.

The acts complained of might well constitute an assault and battery as well as a violation of constitutional rights. The claim of violation of the constitutional right to be free from unreasonable interference by police officers is, however, an essentially different claim. It is based on a federal statute creating separate and distinct liability for deprivation of constitutional rights. See *Jenkins v. Averett,* 424 F.2d 1228 (4th Cir. 1970).

An additional consideration is that a one-year statute of limitations might well be unconstitutional because it is so unduly short as to hamper the assertion of the federally created right. See *Van Horn v. Lukhard,* 392 F.Supp. at 389, 390.

Since the action is to redress a violation of a right created by a federal statute that has no other time period mentioned in the statute, North Carolina General Statutes § 1–52(2) is applicable to those claims asserted under 42 U.S.C. § 1983.

This conclusion is consistent with the unpublished memorandum order of Chief Judge Jones of this district in *Dailey v. Banks,* C–A–74–42 (W.D.N.C. 10/4/74).

Plaintiff also makes a claim against the defendants under the Fourteenth Amendment to the United States Constitution. While this alleged liability is created not by federal *statute* but by the Constitution itself, see *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), it is more akin to "liability created by statute" than to common law assault and battery. Thus North Carolina General Statutes § 1–52(2) is applicable to this claim as well as to the claim under 42 U.S.C. § 1983.

It does, however, appear on the face of the complaint that the pendent cause of action for assault and battery accrued more than one year prior to the instigation of this action. Pursuant to North Carolina General Statutes § 1–54(3), that claim must be dismissed.

IT IS THEREFORE ORDERED:

1. That defendants' motion to dismiss plaintiff's claims that are based upon common law assault and battery is granted.

2. That defendants' motion to dismiss plaintiff's claims that are based on 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution is denied.