567 F.2d 260
 15 Empl. Prac. Dec. P 7980
 Janice McLean BIRELINE, Appellant,
v.
Dr. L. W. SEAGONDOLLAR, Chairman, Department of Physics,
North Carolina State University and Dr. A. C. Menius, Jr.,
Dean, School of Physical Sciences and Applied Mathematics,
North Carolina State University and John T. Caldwell,
Chancellor of N. C. State University, Appellees.
 No. 76-2255.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 7, 1977.
Decided Dec. 12, 1977.
 
 Thomas L. Barringer, Raleigh (Barringer & Howard, Raleigh, on brief) for appellant.
 Jack Cozort, Associate Atty. Gen., Raleigh (Rufus L. Edmisten, Atty. Gen. of North Carolina, Raleigh, on brief) for appellees.
 Before CLARK, Associate Justice,* HAYNSWORTH, Chief Judge, and RUSSELL, Circuit Judge.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 This is a § 1983 action for both injunctive relief and damages. It was filed by the plaintiff claiming that the notice of termination of her employment as an instructor in physics by the North Carolina State University on May 19, 1970, was violative of her rights under the United States Constitution and laws. The defendants are the administrative and academic officials of the University. After allowing the defendants to amend their answer by asserting the statute of limitations in bar of the action, the district court granted the defendants' motion for summary judgment on the ground that the action was barred by the appropriate statute of limitations. From such judgment the plaintiff has appealed. We affirm.
 
 
 2
 The circumstances giving rise to the action are as follows: In 1962 the plaintiff received an appointment as an instructor in the physics department of the University. During her third year of employment at the University, she was notified on June 16, 1965 by Chancellor John T. Caldwell that she would not be promoted to assistant professor, a tenure position, but could continue at the University only on a year-to-year basis. On May 19, 1970, Chancellor Caldwell notified her that she would receive a terminal contract with the University after the expiration of that academic year. Upon receiving this notice of non-renewal, she requested the defendants to reconsider their decision to terminate her employment. The defendants in a letter dated December 21, 1970 informed her that they had reconsidered their decision but had not changed their decision to terminate her employment. She then filed an administrative appeal of such termination. On October 25, 1971, she was informed of the defendants' acceptance of the majority report of the Grievance Committee recommending that the decision to terminate her employment be affirmed.
 
 
 3
 This action was filed on June 29, 1973, alleging that the termination of plaintiff's employment was the result of a policy of sex discrimination in compensation, terms, conditions, privileges and tenure of employment at the University. She filed two motions to amend her complaint to enlarge her cause of action. The last of such motions was filed on January 23, 1975. The Court allowed the amendments by order dated January 15, 1976. The defendants on February 3, 1975, in turn moved to amend their answer in order to allege the North Carolina three-year statute of limitations as a defense to the action. The amendment to the answer was allowed by the Court. The District Court thereupon proceeded to consider the defendants' motion for summary judgment on the basis of the plea of the statute of limitations. It found as a fact that the plaintiff's cause of action accrued on or before May 19, 1970, and applying what it conceived to be the applicable statute of limitations, granted the motion for summary judgment and dismissed the complaint.
 
 
 4
 There are three issues primarily raised by the plaintiff on her appeal:
 
 
 5
 (1) Did the Court err in allowing the defendants to amend their answer to allege the statute of limitations as a bar to plaintiff's cause of action?
 
 
 6
 (2) Was North Carolina General Statutes § 1-52(2) the applicable statute of limitations for actions filed under 42 U.S.C. § 1983 in a federal district court sitting in North Carolina?
 
 
 7
 (3) If the applicable period of limitations for filing actions under 42 U.S.C. § 1983 is three years, were there any genuine issues of material facts in regard to whether each of the causes of action alleged in the complaint accrued prior to June 29, 1970?
 
 
 8
 We shall consider seriatim these several issues.
 
 
 9
 * The first issue is controlled by the decision of Foman v. Davis (1962)371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. In that case the Court declared that in keeping with the language of Rule 15(a), F.R.C.P. leave to amend should be "freely given" in the absence of "undue delay, bad faith or dilatory motive on the part of the movant." The grant or denial of such leave was stated to be "within the discretion of the District Court." The exercise of such discretion can only be reversed for clear error. We find no clear error in the district court's allowance of defendants' motion to amend their answer to assert the applicable statute of limitations.
 
 II
 
 10
 There is no federal statute of limitations applicable to suits arising under § 1983. Under those circumstances, it is the rule that the applicable "provision limiting the time in which an action (under § 1983) must be brought, must be borrowed from the analogous state statute of limitations," which in § 1983 actions brought in North Carolina, has been found to be the three-year limitation established by § 1-52(2), 1A General Statutes of North Carolina, for actions founded on "a liability created by statute." Cox v. Stanton (4th Cir. 1975) 529 F.2d 47, 49. The plaintiff suggests, however, that in Cox the parties had agreed that the three-year limitation was applicable and the Court merely accepted the parties' construction without actually deciding for itself what was the "analogous statute of limitations." In her view, her action is not upon "a liability created by statute," controlled by a three-year limitation under the North Carolina statutes, but upon the Federal Constitution itself, in which case the effective limitation statute would be the "catch-all" provision in the North Carolina limitation statutes. § 1-56, 1A General Statutes of North Carolina. We do not agree. The plaintiff's action only exists by virtue of § 1983. That statute is the source of her right of action, and it is accordingly proper to apply the limitation fixed for actions based upon "a liability created by statute" to actions brought under § 1983 within North Carolina, as the Court did in Cox.
 
 III
 
 11
 Assuming that the three-year limitation is applicable, the final question turns on a determination of when plaintiff's right of action accrued. While the time limitation itself is borrowed from state law, the federal rule fixes the time of accrual of a right of action. Cox, supra, at p. 50. This federal rule establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action. Young v. Clinchfield Railroad Company (4th Cir. 1961) 288 F.2d 499, 503.
 
 In this case the district judge found:
 
 12
 "On May 19, 1970, the Plaintiff was given a termination notice by Chancellor Caldwell and that notice was intended to be and was in fact a final notice of termination of employment. On or before May 19, 1970, I find as a fact that plaintiff's cause of action accrued and that she could have at anytime thereafter sued the officials of the University of North Carolina at Raleigh with regard to the termination of her employment, and that she failed to do so until June 29, 1973, which is more than three years after the accrual of her cause of action."
 
 
 13
 It was on the basis of that finding of fact that the district court granted summary judgment and dismissed the action. We find no error in such ruling. While plaintiff was granted an administrative hearing after May 19, 1970, and it may have been appropriate for her to have delayed filing her complaint until after its conclusion, the pendency of the administrative reconsideration did not extinguish her legal right to proceed in court or suspend it. The fact that she was unsuccessful in the administrative reconsideration did not create a new cause of action; it only made it apparent that if she were to obtain relief it could only come as a result of a successful lawsuit commenced within three years following May 19, 1970.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Sitting by Designation. Justice Clark died before the preparation of this opinion