639 F.2d 1073
 1980-81 Trade Cases 63,765
 MURDAUGH VOLKSWAGEN, INC., and Eunice B. Murdaugh, Appellants,
v.
The FIRST NATIONAL BANK OF SOUTH CAROLINA, a Corporation,
and Buchanan Volkswagen, Inc., a Corporation, Appellees.
MURDAUGH VOLKSWAGEN, INC., and Eunice B. Murdaugh, Appellees,
v.
The FIRST NATIONAL BANK OF SOUTH CAROLINA, a Corporation,
and Buchanan Volkswagen, Inc., a Corporation, Appellants.
 Nos. 78-1678, 78-1679.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 7, 1980.
Decided Jan. 26, 1981.
Rehearing Denied March 3, 1981.
 
 Ellis I. Kahn, Charleston, S. C. (Solomon, Kahn, Roberts & Smith, Charleston, S. C., on brief) and Steven Kapustin, Philadelphia, Pa. (Kramer & Salus, Philadelphia, Pa., on brief), for appellants Murdaugh.
 G. Dana Sinkler, Charleston, S. C. (John H. Warren, III, Sinkler, Gibbs & Simon, Charleston, S. C., Robert H. Hodges, Jr., Gen. Counsel, First Nat. Bank of South Carolina, Richard E. Day, Professor, University of South Carolina School of Law, Columbia, S. C., on brief), for appellee First Nat. Bank of South Carolina.
 Hans F. Paul, Charleston Heights, S. C. (Paul, Seaton & Devane, Charleston Heights, S. C., on brief), for appellee Buchanan.
 Before BUTZNER, FIELD, Senior Circuit Judges, and MURNAGHAN, Circuit Judge.
 MURNAGHAN, Circuit Judge:
 
 
 1
 Murdaugh Volkswagen, Inc. and Eunice Murdaugh filed suit in the United States District Court for the District of South Carolina, Charleston Division, against the defendants First National Bank of South Carolina and Buchanan Volkswagen. The complaint, proceeding under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2 (1973),[1] alleged a conspiracy by both defendants to restrain or monopolize trade. In addition, plaintiffs charged that Buchanan attempted to monopolize trade.[2]
 
 
 2
 The jury returned a verdict on the conspiracy count for Murdaugh Volkswagen in the amount of $195,000, and for Mrs. Murdaugh in the amount of $184,000.[3] The district court, however, granted defendants' motion for judgment notwithstanding the verdict and in the alternative for a new trial. We affirm the trial court grant of the motion for judgment n. o. v.[4]
 
 
 3
 Plaintiff Eunice Murdaugh owned and managed Murdaugh Volkswagen, which, prior to its bankruptcy in 1976, sold automobiles in the Charleston, South Carolina, area. Murdaugh's sole direct competitor in Charleston was defendant Buchanan Volkswagen. Both Murdaugh and Buchanan obtained new car financing and maintained accounts with defendant First National Bank of South Carolina.
 
 
 4
 Plaintiff's theory of the case was that the Bank and Buchanan conspired to drive the plaintiff out of business in order to install Buchanan as the sole Charleston Volkswagen dealer. According to the plaintiffs, the Bank jeopardized and ultimately destroyed Murdaugh Volkswagen by engaging in a variety of financial ploys. First, First National allegedly dishonored checks written by Murdaugh Volkswagen, even though Murdaugh's account contained sufficient funds. Second, the Bank, allegedly without proper notice or due cause, withdrew "floor plan" financing by which the dealership financed the purchase of new automobiles from Volkswagen of America. Third, plaintiffs contended that the Bank unilaterally transferred non-recourse reserve funds to a reserve account that the plaintiff was unable to use.
 
 
 5
 Turning to Buchanan Volkswagen, plaintiffs attempted to show Buchanan sought an exclusive Volkswagen dealership in the Charleston area. Buchanan offered to purchase Murdaugh Volkswagen, and wrote a letter to Volkswagen of America remarking upon the plaintiffs' precarious financial condition and expressing its willingness to become the sole distributor for Volkswagens in the Charleston area.
 
 
 6
 Regardless of what conclusion is reached concerning the activities of the Bank and the activities of Buchanan, what is dispositive is the utter failure of plaintiff to show that the two defendants either conspired or acted jointly to injure Murdaugh Volkswagen and install Buchanan as the sole Charleston dealer. Aside from the coincidence that both dealerships banked and had regular contact with First National, the sole "evidence" of conspiracy consisted of three events: (1) In 1974 a bank officer suggested that Murdaugh sell the profitable Porsche-Audi franchise to Buchanan. (2) Shortly after Murdaugh learned its floor plan financing plan had been terminated by First National, C. B. Buchanan, owner of the Buchanan dealership, telephoned to ask if the Murdaughs "would want to sell (the dealership) now." (3) Later, Buchanan again wrote Volkswagen of America to ask for an exclusive dealership.
 
 
 7
 The inference plaintiffs would draw from the coincidences is that the Bank was feeding Buchanan confidential information in order to assist Buchanan in its effort to assume control of the Charleston Volkswagen market. While coincidence piled on coincidence can ultimately constitute sufficient evidence to permit a jury finding of conspiracy, the instances are too few and too insubstantial here. Proof of collusion is simply too attenuated for us to conclude that the jury had an adequate basis for a finding that the Bank and Buchanan conspired to violate the antitrust laws.
 
 
 8
 Plaintiffs presented no direct evidence of agreement or concerted action. A conspiracy may also "be inferred from the things actually done," Overseas Motors, Inc. v. Imported Motors Ltd., Inc., 375 F.Supp. 499, 531 (E.D.Mich.1974), aff'd, 519 F.2d 119 (6th Cir. 1975), cert. denied, 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 304 (1975). As that case points out, however:
 
 
 9
 There is a limit, however, to the degree of indirection and innuendo which the law will tolerate. Where, as here, the plaintiff's case is based entirely on such circumstantial evidence, the court must be especially vigilant to insure that liberal modes of proof do not become the pretext for unfounded speculation.
 
 
 10
 Id.
 
 
 11
 Even if one might properly assume, on a circumstantial basis, that someone in the Bank told the Buchanans that Murdaugh's financing had been discontinued, such a breach of confidence does not demonstrate that the Bank and Buchanan collusively planned Murdaugh's downfall. Moreover, the bank officer's proposal at a time of financial difficulty for Murdaugh that Murdaugh sell the Porsche-Audi franchise to Buchanan could conceivably be taken as a dark suggestion of future financing troubles if Murdaugh did not comply with the Bank's demand, but still there is lacking any indicia that, in its alleged wrongdoing, the Bank acted in concert with Buchanan in seeking Murdaugh's downfall. Plaintiffs introduced no evidence from which one could reasonably infer that First National either conspired with or pursued a collective course of action with Buchanan. Therefore, no finding of "a unity of purpose or a common design," American Tobacco Co. v. United States, 328 U.S. 781, 810, 66 S.Ct. 1125, 1139, 90 L.Ed. 1575 (1946), was warranted. Independent acts of two wrongdoers do not make a conspiracy.
 
 
 12
 In short, though Buchanan may have had intent and the Bank power to eliminate Murdaugh, no conjunction of the two was ever demonstrated. Therefore, the judgment n. o. v. entered by the district court must be affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Violations under the Robinson-Patman Act, 15 U.S.C. § 13(a) (1973), were also charged. The trial judge's grant of a directed verdict for defendants on those claims has not been attacked on appeal
 
 
 [2]
 Throughout the fashioning of jury instructions, the District Court proceeded on the theory that, with respect to possible verdicts for the plaintiffs, there could be a verdict of conspiracy against both the Bank and Buchanan, or a verdict of attempt to monopolize against Buchanan alone. Murdaugh's counsel never opposed the treatment of the two counts as mutually exclusive, and the jury was so instructed without objection
 Initially, the jury ignored the instruction, returning verdicts for plaintiffs both on the conspiracy theory against the Bank and Buchanan, and on the attempt theory against Buchanan only. Without objection, the district court directed further jury consideration, under an instruction that it should return only one of the two verdicts. The jury then returned the verdict form in favor of Murdaugh Volkswagen, Inc. and Eunice Murdaugh against both defendants on the conspiracy theory.
 Murdaugh did not object to the failure to receive the verdict against Buchanan under the attempt to monopolize count. No point having been preserved for appeal, we express no view as to the correctness of the disposition of the claim of an attempt to monopolize. Fed.R.Civ.P. 49(a); 51.
 
 
 [3]
 The amounts would, of course, be trebled by reason of the provisions of 15 U.S.C. § 15
 
 
 [4]
 It merits mention that the trial judge's practice was the commendable one of letting the case go to the jury before dealing with issues of law. He thereby avoided the inefficiency of a new trial should it later develop on appeal that the case was one which properly could have supported a verdict and judgment for the plaintiff