**W. A. BUNTIN, Plaintiff,**

v.

**BOARD OF TRUSTEES OF the VIRGINIA SUPPLEMENTAL RETIREMENT SYSTEM, and Glen D. Pond, Director, Defendants.**

**Civ. A. No. 81–0057–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Oct. 7, 1982.

**13.** *Ibid.*

Douglas K. Baumgardner, Washington, Va., Anne Lee Jacobs, Charlottesville, Va., for plaintiff.

Richard C. Kast and John G. MacConnell, Asst. Attys. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Plaintiff, W. A. Buntin, brings this action seeking declaratory, injunctive and monetary relief to redress alleged discriminatory practices on the part of the Board of Trustees of the Virginia Supplemental Retirement System and its Director, Glen D. Pond, on the basis of age, in violation of the Fourteenth Amendment to the United States Constitution; and for declaratory relief relative to the constitutionality of certain laws of the Commonwealth of Virginia. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and the Fourteenth Amendment of the United States Constitution. Plaintiff seeks to invoke the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 2201.

Plaintiff was employed by the Commonwealth of Virginia, Department of State Police, from April 1, 1946, to May 31, 1975. While still employed, the plaintiff made regular, compulsory contributions to the Virginia Supplemental Retirement System. Plaintiff retired from his position with the Department of State Police on May 31, 1975, and immediately began drawing benefits from the Virginia Supplemental Retirement System. Plaintiff received said benefits for a period of seven months when, on January 1, 1976, he assumed his duties as the duly elected Sheriff of Rappahannock County, Virginia. Plaintiff's benefits were terminated by the defendants because of the provisions of Va.Code § 51–151(e) (1950), as amended, which provides that, "Should a beneficiary of a service retirement allowance under this chapter be at any time in service as an employee in a position covered for retirement purposes . . . his retirement allowance shall cease while so employed."

Upon plaintiff's assumption of his duties as Sheriff of Rappahannock County, he was advised by the Virginia Supplemental Retirement System that he would be eligible to participate in the system. Plaintiff proceeded, for a period of almost two years, to make compulsory contributions to the system. However, during the month of October, 1978, plaintiff was advised, through the clerk of the Circuit Court of Rappahannock County, that the office of the Virginia Supplemental Retirement System had notified the said clerk that plaintiff was not eligible to participate in the retirement system because of the provisions of Va.Code § 51–111.33 (1950), as amended, which provides that membership in the system is compulsory with the exception, "that any such employee who has attained age sixty at date of employment by the employer shall not be a member of the retirement system, unless, through previous employment, he is already a member." Plaintiff was over sixty years of age on the date of his employment and thus was, in the defendants' view, barred from participation in this system. All payments made by the plaintiff, while Sheriff, were remitted to him.

Consequently, as a result of the defendants' interpretations of the above-recited Code section, plaintiff has simultaneously been denied his right to participate in, and draw benefits from, the State Police Officer's Retirement System and Virginia Supplemental Retirement System, both of which are administered by the defendants. It is undisputed by all parties that the plaintiff's benefits from the State Police Officer's Retirement System will continue when he again retires.

As a result of these acts, plaintiff alleges the following causes of action against the defendants: (1) That the defendants have, under color of state law, subjected plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution of the United States and the Fourteenth Amendment, in that the defendants' policy and practices of discriminating against the plaintiff on the basis of age, and simultaneously prohibiting him from participating in the Virginia Supplemental Retirement System and drawing benefits therefrom, is arbitrary and capricious and without any rational basis or legitimate purpose on behalf of the state; (2) that defendants have conspired to deprive plaintiff of equal protection of the law and of equal privileges and immunities under the law by virtue of age discrimination; (3) that defendants have conspired to deprive plaintiff of a vested property right without due process of law; and (4) that Title 51 of the Va.Code (1950), as amended, denies plaintiff of his right to equal protection of the law and due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

In response, defendants have filed a motion to dismiss pursuant to Rule 12(b), Fed. R.Civ.P., asserting that the court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. In support of their claim that the court lack jurisdiction over the subject matter, the defendants contend: That they are not "persons" under 42 U.S.C. §§ 1983 and 1985; that 28 U.S.C. § 2201 is remedial in nature and does not confer jurisdiction on the court; and, that the Eleventh Amendment bars any monetary recovery against them. Defendants say plaintiff's complaint fails to state a claim upon which relief can be granted because the action is barred by the applicable statute of limitations, the allegations of the complaint are insufficient, and conclusory, fail to state a claim under 42 U.S.C. § 1983, and the complaint fails to allege that any of the complained of actions are part of a class-based invidious discriminatory conspiracy and therefore fails to state any claim under 42 U.S.C. § 1985.

After careful review of the entire record in this proceeding, the court finds a great deal of merit in many of the defendants' contentions. However, the court further finds that the defendants' plea of the applicable statute of limitations is dispositive of this action and accordingly the court will not address the defendants' remaining defenses.

Plaintiff complains that the retirement benefits he was receiving under the State Police Officer's Retirement System terminated on January 1, 1976. Plaintiff further complains that in October, 1978, while serving as Sheriff of Rappahannock County, he was notified that he was not eligible to participate in the Virginia Supplemental Retirement System. Plaintiff filed this action on July 7, 1981, seeking redress for violations of 42 U.S.C. §§ 1983 and 1985.

Plaintiff concedes that suits brought in Virginia, pursuant to 42 U.S.C. §§ 1983 and 1985, are governed by a two year statute of limitations. Va.Code § 8.01–243 (1950), as amended; *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972); *Landman v. Royster,* 354 F.Supp. 1302 (E.D.Va.1973).

Plaintiff asserts, despite the two year statute of limitations his action is not time barred for two reasons. First, plaintiff calls the court's attention to the fact that he has alleged a conspiracy relating to discriminatory employment practices and has alleged that the last overt act of that conspiracy is the letter of W. G. Harris, Assistant Director for Benefits, Programs and Services of the Virginia Supplemental Retirement System, dated July 15, 1980; and second, that defendants' discriminatory practice is of a continuing nature, and in fact repeats itself on a monthly basis in the nature of plaintiff's failure to receive his monthly retirement check and engage in his monthly participation in the retirement system. The court finds that plaintiff's allegations of conspiracy and his characterization of the cases when involving continuing discrimination fail, however, to save this action from defendants' plea of the statute of limitations.

At the outset, a review of the complaint reveals that the plaintiff has failed properly to plead any legitimate claim of conspiracy. Plaintiff has alleged no facts which, if taken as true, would tend to establish a conspiracy, a specific intent to deny plaintiff's constitutional rights, or any overt action in furtherance of the conspiracy. Conclusory allegations of conspiracy, amounting in essence to the pleading of legal conclusions, without the pleading of factual matters supporting those allegations, are not enough to withstand a motion for judgment on the pleadings. *Murdaugh Volkswagen, Inc. v. First National Bank, et al.,* 639 F.2d 1073 (4th Cir. 1981).

The court notes that Mr. Harris' letter to the plaintiff, dated July 15, 1980, is simply a response to correspondence from plaintiff's attorney and merely reiterates what the plaintiff had repeatedly been told concerning the defendants' actions which had been taken in 1976 and 1978. The question of when a statutory period begins to run is one which depends upon federal law. "While the time limitation itself is borrowed from state law, the federal rule fixes the time of accrual of a right of action." *Bireline v. Seagondollar,* 567 F.2d 260 (4th Cir. 1977). That rule establishes as the time of accrual the point in time when the plaintiff knew, or had reason to know, of the injury which forms the basis of his action. Id. at 263. Nor do the consequences of defendants' terminations change the accrual point. The fact that plaintiff no longer receives monthly retirement checks is no different from the dismissed employee who no longer receives his pay check.

Even if plaintiff's complaint could be read to have properly pled a claim of conspiracy, defendants still could not have been guilty of any conspiracy within the meaning of 42 U.S.C. § 1985(3). Glen Pond, as Director of the Virginia Supplemental Retirement System, and the Trustees of the System are all officials of the Commonwealth working for the Virginia Supplemental Retirement System and therefore comprise a single legal entity, not capable of entering into a conspiracy. *See, Girard v. 94th Street & 5th Avenue Corporation,* 530 F.2d 66 (2nd Cir. 1976), *cert. denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1978); *Baker v. Stuart Broadcasting Co.,* 505 F.2d 181 (8th Cir. 1974); *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972).

As stated plaintiff next contends that he is the victim of a continuing discrimination and thus, his claim is not time barred. In light of *Bireline v. Seagondollar, supra,* this contention also must fall. Plaintiff's cause of action accrued when he knew, or had reason to know, of the injury which forms the basis of his action. The consequences of defendants' terminations do not change the accrual point. At the latest, plaintiff's cause of action accrued in October 1978.

For these reasons an appropriate order will this date issue granting the defendants' motion to dismiss.