Charles E. DUNCAN, Plaintiff,

v.

Frank FOWLER; Gary Allen Watkins; Billy Wade Devine, Robert Gavin; Carroll Lowder; James Barrett, and Charles Whitman, Defendants.

No. C–C–79–318–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 18, 1983.

Charles E. Duncan, pro se.

William Ray Vawter, Jr., North Carolina Dept. of Correction, Raleigh, N.C., for plaintiff.

Dan M. Summey and James E. Griffin, Monroe, N.C., and Frank B. Aycock, III, Charlotte, N.C., for defendants.

## FINAL ORDER OF DISMISSAL

McMILLAN, District Judge.

On October 22, 1979, plaintiff Charles E. Duncan, a North Carolina state prisoner, filed a *pro se* complaint alleging that defendants Gary Watkins, Billy Devine, and Frank Fowler, violated his constitutional rights and 42 U.S.C. § 1983. On March 14, 1980, plaintiff filed a supplemental complaint which named four additional defendants—Robert Gavin, Carroll Lowder, James Barrett, and Charles Whitman. Five of the defendants have filed motions to dismiss or for summary judgment. Defendants Watkins and Devine are prisoners and are not represented by counsel; they have not filed any response to the pleadings. Plaintiff has filed a motion for entry of default with respect to Watkins and Devine.

On June 29, 1983, the case was called for a motions hearing. Plaintiff represented himself; defendant Fowler was present with counsel. Plaintiff requested that the court issue subpoenas for three witnesses: Mike Maida, Carroll Lowder, and Bruce LaRoche. LaRoche has moved outside of North Carolina and could not be served. The two other witnesses appeared and gave

testimony. Plaintiff also called defendant Fowler to testify and plaintiff himself gave testimony.

Plaintiff claims that his constitutional rights have been violated by (1) denial of a fair trial because of a conspiracy to convict him; and (2) denial of equal protection because two other prisoners, Watkins and Devine, receive better treatment, and their more favorable treatment taints his own review by the prison review board.

Plaintiff alleges and the evidence shows that in June, 1974, the Sherwin residence in Blowing Rock, North Carolina, was burglarized. On February 7, 1975, a store in Monroe, North Carolina, was burglarized, and the owner, William Potts, was murdered. Gary Watkins and Billy Devine were tried and convicted in April, 1975, for the burglary and murder of William Potts, and were sentenced to life imprisonment. Thereafter, Watkins and Devine told Sheriff Frank Fowler, District Attorney Carroll Lowder, and State Bureau of Investigation agent Whitman that the plaintiff, Charles Duncan, participated in both the burglary in Blowing Rock and the burglary in Monroe. Plaintiff was tried before a jury and convicted in September, 1975, on the Blowing Rock burglary charges. Watkins and Devine testified against the plaintiff during that trial. Plaintiff took a plea of *nolo contendere* in December, 1975, to the Monroe murder charge. Meanwhile, Judge Gavin ordered prisoners Watkins and Devine transferred from the Department of Correction to the Union County jail to serve their life sentences because of the threat to their lives in prison.

■ In his first claim, plaintiff alleges that Watkins and Devine conspired with the other defendants to give false testimony about his involvement in the Blowing Rock burglary. Plaintiff also alleges that this false testimony led to his plea of *nolo contendere* in the Monroe murder and burglary. Plaintiff presented no evidence of a *conspiracy* to use false testimony to convict him. The fact that a witness perjures himself on the stand is not sufficient to state a claim for relief under 42 U.S.C. § 1983, *Briscoe v. Lahue,* —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Plaintiff, to prove a colorable claim, must have some evidence of a *conspiracy* to use perjured testimony, *Stevens v. Brown,* 564 F.Supp. 368 (W.D.N.C.1983). No evidence of conspiracy was presented; plaintiff's allegations of conspiracy are based on mere conjecture.

■ Further, plaintiff's first claim is barred by the statute of limitations. The limitations period in North Carolina for a cause of action under 42 U.S.C. § 1983 is three years. N.C.G.S. § 1–52(2); *Feilder v. Moore,* 423 F.Supp. 62 (W.D.N.C.1976). The time began to run when plaintiff knew or had reason to know his rights were being violated. *Bireline v. Seagondollar,* 567 F.2d 260 (4th Cir.1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979). If the testimony of Watkins and Devine about plaintiff's participation in the burglary was false when it was given in September, 1975, plaintiff had reason to know it at that time. The complaint was not filed until October, 1979, more than three years later. The claim is barred by statute of limitations against all defendants.

■ In his second claim, plaintiff alleges that he has been denied equal protection because two other prisoners, Watkins and Devine, receive better treatment, and their more favorable treatment taints his own review by the prison review board. Plaintiff has presented no evidence that his own reviews by the prison review board have been tainted by the treatment of the other prisoners. Further, the order to transfer Watkins and Devine to the Union County jail to complete their sentences was based on the danger to the lives of those two individuals in prison. Where no suspect class or fundamental right is involved, the government's action need only have a rational basis. *McGinnis v. Royster,* 410 U.S. 263, 270, 93 S.Ct. 1055, 1059–60, 35 L.Ed.2d 282 (1973); *Kersh v. Bounds,* 501 F.2d 585, 588 (4th Cir.1974). Plaintiff has presented no evidence that the transfer of Watkins and Devine was based on any reason other than their own safety. With no evidence of

conspiracy, the differences in treatment of these two prisoners are not a basis on which relief can be granted.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1. Plaintiff's claims for relief against all defendants are dismissed with prejudice.

2. Plaintiff's motion for judgment by default against defendants Watkins and Devine is denied.

3. The action is dismissed.