842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Laverne RICHEY, Plaintiff-Appellant,
v.
GEORGE MASON UNIVERSITY, Defendant-Appellee,
and
William J. Bennett, Secretary, United States Department of
Education, Defendant.
 No. 87-3709.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1988.
Decided March 23, 1988.
 
 Clara Anne Williamson for appellant.
 Joan W. Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General; Paul J. Forch, Senior Assistant Attorney General, on brief), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Laverne Richey[1] appeals the dismissal of her complaint filed under the Age Discrimination Act of 1975 ("ADA"). We vacate in part and affirm in part.
 
 
 2
 Richey applied for admission into the Clinical Psychology Doctoral of Psychology Program ("CPD") at George Mason University ("the University") in January of 1983. She was denied admission into the CPD by letter dated August 23, 1983. Richey filed a complaint of discrimination with the Department of Education's Office of Civil Rights ("OCR") on January 9, 1984, alleging the denial of admission was the result of age and sex discrimination.
 
 
 3
 On March 12, 1985, OCR issued its initial findings. It did not make a finding of discrimination, but, instead, recommended that Richey be reevaluated for admission into CPD due to numerous errors committed in her admissions process. The University conducted the reevaluation and advised Richey on July 31, 1985, that her application had been reconsidered and denied. On August 9, 1985, Richey administratively appealed the findings of OCR, which appeal was denied on November 20, 1985. On April 7, 1986, Richey filed another complaint with the OCR, alleging that the University's refusal to admit her to the CPD was in retaliation for her having filed the earlier complaint of discrimination. After 180 days, no determination had been made by the OCR and Richey filed the present action in federal district court on October 31, 1986.
 
 
 4
 The University moved to dismiss, contending that the statute of limitations barred Richey's ADA claim, and that she failed to produce sufficient evidence to survive a motion to dismiss on her retaliation claim. The district court dismissed the ADA claim for untimeliness and dismissed the retaliation claim pursuant to Fed.R.Civ.P. 41(b).
 
 
 5
 On appeal, appellant contends that the filing of the discrimination charge with the OCR was an administrative prerequisite to filing an action in federal court and that the administrative proceeding therefore tolled the statute of limitations. In addition, she argues that the statute of limitations did not begin to run until the date of denial of her admission to CPD, after reconsideration, when the official position of the University was communicated to her. Finally, Richey contends that she established a prima facie case of retaliation by demonstrating a causal connection between her actions in filing an ADA claim and the denial of her admission after reconsideration. We find some merit in appellant's position on the statute of limitations question.
 
 
 6
 The ADA contains no time limitations within which an action must be instituted by a complainant in federal court. The district court borrowed the statute of limitations from the Age Discrimination in Employment Act, 29 U.S.C. Sec. 626(e)(1), and held that the applicable statute of limitations is, at the most, three years. The district court then concluded that Richey had not filed within three years because the adverse decision had been communicated to her on August 23, 1983, and she did not file the suit until October 31, 1986. We disagree with the district court on both points.
 
 
 7
 When a federal statute does not contain a limitation for filing of a private enforcement action in federal district court, it is appropriate to borrow the statute of limitations applicable to the most closely analogous state limitation.[2] The statute of limitations for filing a personal injury action in Virginia is two years and this Court has held that this two-year statute is also applicable to actions brought under Sec. 1983 in Virginia. Almond v. Kent, 459 F.2d 200 (4th Cir.1972). A two-year statute of limitations was therefore appropriate in this instance.
 
 
 8
 In Delaware State College v. Ricks, 449 U.S. 250 (1980), the Supreme Court held that the applicable limitations period for filing a complaint in the district court begins to run when the official position which the plaintiff claims to be discriminatory is communicated to the plaintiff. In Ricks, the plaintiff was denied tenure and was first advised of this action in February of 1973. The tenure committee, however, agreed to reconsider this decision later. In June of 1974, Ricks was offered a terminal contract which would terminate the employment relationship the next year. The Court held that the June, 1974, date was the date when the official position of the college was communicated to Ricks and therefore the date when the limitations began to run. Applying this rationale to the facts of this case, we conclude that the statute of limitations began to run on July 31, 1985, the date Richey was notified that, upon reconsideration, her application was again denied. Having filed suit in federal court on October 31, 1986, Richey was clearly within the two-year statute of limitations.[3]
 
 
 9
 Richey also alleges retaliation in this appeal. We find this claim to be without merit. The district court made specific findings of fact regarding these allegations and we will not disturb these findings unless clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564 (1985). Having examined the record and briefs, we find no error in the district court's dismissal of the retaliation claim.
 
 
 10
 Accordingly, we affirm the portion of the district court's order dismissing the retaliation claim, vacate that portion dismissing the ADA claim and remand the case to the district court for further proceedings consistent with this opinion.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.
 
 
 
 [1]
 Ms. Richey was over forty years old at the time of the alleged discriminatory acts
 
 
 [2]
 Board of Regents v. Tomanio, 446 U.S. 478 (1980); Bireline v. Seagondollar, 567 F.2d 260 (4th Cir.1977)
 
 
 [3]
 It is true that Richey could have filed her suit within 180 days after filing the OCR complaint since they made no findings within that period. However, as here, when a claimant believes she may obtain relief through administrative proceedings, we see no reason why she should be forced to file a lawsuit during the pendency of those proceedings