**Franklin V. TESACK, Plaintiff,**

v.

**WATERFORD PARK, INC.; Security Guards Steven W. Campbell, Gary Durham, Roy Hart & Richard E. Holingbaugh; Unknown Officers of Waterford Park, Inc.; Hancock County Deputy Sheriff Joseph Geisse III; Hancock County Sheriff William Webster; Hancock County Magistrate Walter Nogay; Hancock County Prosecutor Thomas D. Hagg, Defendants.**

Civ. A. No. 84–0226–E.

United States District Court, N.D. West Virginia, Elkins Division.

July 29, 1988.

Franklin V. Tesack, Wheeling, W.Va., pro se.

James F. Companion, Wheeling, W.Va., M. Eric Frankovitch, Weirton, W.Va., Elba Gillenwater, Jr., Wheeling, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

MAXWELL, Chief Judge.

On November 1, 1984, Plaintiff's complaint was filed pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights by Defendants during his arrest and conviction in the Circuit Court of Hancock County, West Virginia, on charges of possession of a controlled substance with intent to deliver. In its Order dated October 31, 1984, this Court dismissed Plaintiff's civil action on the theory that Plaintiff's complaint was barred by the running of the applicable statute of limitations.

Upon appeal, the United States Court of Appeals for the Fourth Circuit reversed and remanded the civil action to this Court for further proceedings. In its unpublished decision at page 3, the Court of Appeals stated:

There is no federal statute of limitations for § 1983 actions, and state statutes apply. *Bireline v. Seagondollar,* 567 F.2d 260 (4th Cir.1977). Federal courts must also apply the state's rules for tolling the statute of limitations. *Board of Regents v. Tomanio,* 446 U.S. 478 [100 S.Ct. 1790, 64 L.Ed.2d 440] (1980). The time of accrual, however, is a question of federal law. *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir.1975). Under federal law a claim accrues when a plaintiff obtains knowledge of an injury and its cause. *Bireline, supra.*

In its Order dated October 31, 1984, this Court decided, for reasons stated therein, that the latest possible date on which Tesack's cause of action accrued was January 6, 1982. The Court then mechanically applied a two-year statute of limitations and determined that Tesack's October 18, 1984 submission was untimely. It was this application with which the Court of Appeals took issue. The Court of Appeals suggested that Tesack may have been under some type of disability which would have tolled the running of the statute of limitations.

Therefore, pursuant to the mandate of the United States Court of Appeals for the Fourth Circuit, this Court on June 22, 1985, vacated its October 31, 1984 dismissal, reinstated the action to the active docket of the Court, and issued process under Rule 4 of the Federal Rules of Civil Procedure. Further, this Court "ORDERED that any answer or other responsive pleading filed with respect to the complaint herein shall include any prison records or other materials which would facilitate determination of the issues raised in the complaint."

By Order entered October 18, 1985, this Court denied Defendants' Motions to Dismiss and provided the parties an opportunity to engage in discovery. Counsel for Defendants were directed to submit records, materials, or memoranda of law which would facilitate the disposition of the issue raised by the Fourth Circuit Court of Appeals.

Thereafter, on April 22, 1988, Defendants filed a Motion for Summary Judgment, arguing that Plaintiff was not under a disability as defined by West Virginia law, and, therefore, the statute of limitations had not been tolled. Plaintiff filed a Reply Brief in opposition to Defendants' Motion on May 3, 1988. Having considered all of the matters presented to the Court, the motion is now ripe for disposition.

This Court has already determined that the latest possible date on which Tesack's cause of action accrued was January 6, 1982, when his motion raising similar

claims in state court was denied. The applicable statute of limitations in West Virginia for bringing a § 1983 action is "... within two years next after the right to bring the same shall have accrued ..." *West Virginia Code* § 55–2–12. The Court must now determine whether under State law the statute of limitations was tolled for any period which would justify the submission of the instant action on October 18, 1984.

Under West Virginia law, infancy and insanity are legal disabilities which serve to suspend a statute of limitations bar. *West Virginia Code* § 55–2–15. Defendants argue that Plaintiff clearly does not fall within the protected class and cannot claim tolling of the statute. However, West Virginia law also provides for tolling of the statute of limitations where prosecution of the action is obstructed by the Defendant:[1]

> Where any such right as is mentioned in this article shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, or by any other indirect ways or means, obstruct the prosecution of such right, or if such right has been or shall be hereafter obstructed by war, insurrection or rebellion, the time that such obstruction may have continued shall not be computed as any part of the time within which the said right might or ought to have been prosecuted. *West Virginia Code* § 55–2–17.

To prevail under this section, Plaintiff must show that some affirmative act can be attributed to Defendants which positively obstructed the prosecution of the action. There must be some act designed to conceal the existence of liability which causes the prevention or delay of the suit. *Thompson v. Whitaker Iron Co.*, 41 W.Va. 574, 23 S.E. 795 (1895). Obstruction by the defendant must be by a positive act; mere silence will not constitute obstruction sufficient to toll the running of the statute.

*Hundley v. Martinez*, 151 W.Va. 977, 158 S.E.2d 159 (1967).

Plaintiff contends that he was repeatedly denied access to legal materials. Defendants have submitted an affidavit from the former Sheriff of Hancock County, William Webster, indicating that officers were permitted to retrieve requested materials, and officers and attorneys were permitted to take prisoners to the law library located on the third floor of the Hancock County Courthouse.

Under West Virginia law, Mr. Tesack must show that one or more of the Defendants deliberately and positively obstructed the prosecution of his action. To this point, Plaintiff has basically established that a prisoner has a constitutional right to have access to the courts and legal materials while in confinement. Undeniably, Plaintiff is correct. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, Plaintiff has failed to raise a genuine issue of material fact which would show that Defendants acted to conceal liability. This Court is unconvinced, assuming that Plaintiff was denied access to legal materials, that such denial, under a fair consideration of the totality of the facts of this case, would trigger the West Virginia obstruction statute.

Moreover, making such an assumption is rather farfetched in light of documents presented to the Court by Plaintiff. By letter dated June 9, 1988, Plaintiff filed an affidavit and a correspondence in support of a previously-filed brief. The correspondence is from counsel appointed to Plaintiff on the possessions offense, William E. Galloway. The damaging part of that letter reads:

> As for the enclosed Affidavit from Mr. Webster, I do seem to recall the last three (3) words of paragraph number 5 being used on numerous occasions as an excuse to explain why you weren't given *as many* law books as you requested, or why you weren't being taken up to the

---

1. The Plaintiff has raised this argument indirectly without citing the West Virginia statute, but in light of the fact that Plaintiff is proceed-ing pro se, the Court believes the argument should be considered as it relates to the statute.

law library *as often as you requested* ... (Emphasis added).

From this letter, it appears that Plaintiff was not denied access to legal materials but was merely disappointed with the amount of time and/or access to that material. Such a showing is insufficient to establish obstruction under West Virginia law.

In addition, this Court is persuaded by the decision reached by the Fifth Circuit Court of Appeals on a similar matter. In *Schaefer v. Stack*, 641 F.2d 227 (5th Cir. 1981), the appellant argued that his solitary confinement without an adequate law library should toll the statute of limitations. The Fifth Circuit Court of Appeals found no merit in this argument since appellant was not prevented from contacting a lawyer or filing a pro se paper in federal court (which, under the prevailing rule of liberal construction of pro se communications to the court, would have been treated as a complaint).

From the text of Rule 56 of the Federal Rules of Civil Procedure, it is clear that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In the matter under consideration, Defendants are entitled to judgment as a matter of law inasmuch as Plaintiff failed to bring this action prior to the expiration of the applicable statute of limitations. Plaintiff is not and was not in a protected class for whom the statute could be tolled, and Plaintiff has failed to present any genuine issue of fact demonstrating that Defendants attempted to fraudulently conceal liability or attempted to obstruct the prosecution of the action. It is, accordingly,

ORDERED that the Defendants' Motion for Summary Judgment be, and hereby is, GRANTED, and the Clerk of Court is directed to remove this case from the active docket of this Court. In light of the foregoing, it is further

ORDERED that Defendants' Motion for a Protective Order is DENIED as moot.