Thomas DIXON, et al., Plaintiffs,

v.

Thomas ANDERSON, Director, et al., Defendants.

No. C–1–88–851.

United States District Court, S.D. Ohio, W.D.

Jan. 4, 1990.

Paul Tobias, Cincinnati, Ohio, for plaintiffs.

Theresa Schaeger, Columbus, Ohio, for defendants.

ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on plaintiff's and defendant's cross motions for summary judgment (doc. nos. 24 and 25) and their respective reply memoranda (doc. nos. 27 and 28).

The summary judgment procedure under Federal Rule of Civil Procedure 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id* at 323, 106 S.Ct. at 2553. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) *quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson, supra,* 477 U.S. at 255, 106 S.Ct. at 2513 *citing, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249, 106 S.Ct. at 2510. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson* at 249, 106 S.Ct. at 2510 *citing*

*Cities Service,* 391 U.S. at 288–289, 88 S.Ct. at 1592–93. If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service, supra,* 391 U.S. at 290, 88 S.Ct. at 1593, judgment may be granted. *Anderson, supra,* 477 U.S. at 249, 106 S.Ct. at 2510. These motions are ripe for disposition because the parties have stipulated to all the relevant facts (doc. no. 22).

## FACTS

This case challenges Ohio's "anti-double dipping" statute, O.R.C. § 124.85, under 42 U.S.C. § 1983, as a violation of plaintiffs rights to equal protection. O.R.C. § 124.85 reads as follows:

> No person who is receiving a disability benefit or service retirement pension or allowance from any state or municipal public retirement system in Ohio, shall be eligible for membership in any other state or municipal retirement system of this state. This section shall in no way affect the receipt of benefits by or eligibility for benefits of any person who is already receiving a disability benefit or service retirement pension or allowance from a state or municipal public retirement system in Ohio and is a member of any other state as municipal retirement system of this state on the effective date of this section.

Plaintiff Thomas Dixon is a former employee of the Cincinnati Police Division who in September, 1976, began a second career as Security Chief with the Cincinnati Board of Education. As a police officer, he was a member of the Police and Fire Disability Pension Fund (PFDPF). *See* O.R.C. Chapter 742. On November 10, 1976, Dixon retired from the PFDPF and began receiving retirement benefits knowing that he would therefore, not be eligible to join any other state or municipal retirement funds. (Doc. no. 22, par. 11 and 12). In October, 1987, Dixon applied for membership in the School Employees Retirement System (SERS) but was denied membership.

Plaintiff Masaji Toki was employed by the City of Cincinnati Regional Crime Information Center until April, 1978. While employed there, he was a member of the City of Cincinnati Retirement System. On April 1, 1978, Toki retired from the system and began receiving benefits. In April, 1978, Toki began working for the Cincinnati Board of Education and was told he would not be eligible to join SERS. In November, 1988, Toki applied for membership in SERS but he was denied.

Defendants are the Executive Directors of five state retirement systems: the School Employee Retirement System (SERS), the Public Employees Retirement System (PERS), the State Teachers Retirement System (STRS), the Police and Fireman's Disability and Pension Fund (PFDPF), and the State Highway Patrol Retirement System (SHPRS). (Hereinafter collectively referred to as the "Ohio Public Retirement System.")

The Ohio public retirement systems are defined benefit plans in which Ohio public employees have a vested right to receive a certain level of benefit upon retirement from public service regardless of the amount of contributions they have made to the systems. The benefits generally include: (1) service retirement benefits; (2) disability benefits in the event that a member is incapacitated from the performance of his duties; (3) health care insurance coverage for the retirant and eligible dependents; (4) ad hoc post retirement increases and cost of living adjustments; (5) survivor benefits for the surviving spouse and eligible dependents of the deceased member; and (6) death benefits payable to the beneficiary of the retirant (doc. no. 22, par. 3).

Although each system varies slightly in the proportion of proceeds received from each source, the Ohio public retirement systems are funded from four sources: (1) Employer contributions; (2) Employee contributions; (3) Income from investments; and (4) direct appropriations from the State of Ohio's general revenue fund to the state retirement systems (doc. no. 22, par. 4 and 5).

Before discussing the merits of the case, defendant has raised three contentions, on

a motion to dismiss, that have been deferred by court order until this time (doc. no. 10).

### STANDING

Defendants contend that the named plaintiffs only have standing as to the director of SERS because they were only denied membership in that retirement system. The Court finds that this challenge is simply irrelevant to the outcome of the case. Even if the Court were to dismiss the four other directors as defendants, plaintiffs still have standing to challenge the constitutionality of the statute in question. Secondly, because class certification has been deferred till the constitutionality of the statute is decided, plaintiffs would be given leave to amend the complaint to achieve standing in relation to all defendants. Therefore, the Court rejects the standing objection at this time.

### STATUTE OF LIMITATION AND LACHES

Defendants contend that plaintiffs overall claim is barred by the applicable statute of limitations because they began working in their jobs over two years ago and at that time they knew they would not be able to join SERS. In the alternative, defendants contend that plaintiffs claim for retroactive relief should be barred by the doctrine of laches for the same reasons.

In *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989), the Court held that the applicable statute of limitations for a 42 U.S.C. § 1983 action in Ohio is two years. The issue here is, when did the two year statute of limitations period begin? Plaintiffs argue that the period began when they applied for, and were denied membership in SERS. Defendants contend that the period began when the plaintiffs had knowledge of their alleged equal protection violation.

"It is not hard to state the federal standard governing the accrual of a cause of action under § 1983: [f]ederal law holds that the time of accrual is when plaintiff knows or has reasons to know of the injury which is the basis of the action." *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980)

(citations omitted); accord, *Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980); *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir.1977). The much more difficult problem is in determining when the plaintiff had a reason to know of the injury. Little guidance has been found in analogous § 1983 actions. However, this case appears fairly clear. As the stipulated facts state, both plaintiffs knew at the time they began their second jobs that they would be unable to join SERS if they began collecting their state funded pensions. With this knowledge, both elected to collect their pensions and not join SERS until some years later when both applied to SERS knowing they would not be admitted. During this period, they received a full salary without a deduction for pension contribution. The Court finds that the two years period began to run as to each plaintiff when they were told in 1976 and 1978 that they would not be able to join SERS.

Plaintiffs motion for summary judgment is DENIED and defendants motion for summary judgment is GRANTED.

LET JUDGMENT ISSUE IN ACCORDANCE WITH THE FOREGOING.

IT IS SO ORDERED.