MURDAUGH VOLKSWAGEN, INC., and Eunice B. Murdaugh, Appellants,

v.

The FIRST NATIONAL BANK OF SOUTH CAROLINA, a corporation and Buchanan Volkswagen, Inc., a corporation, Appellees.

No. 82–1298.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 2, 1983.

Decided Aug. 9, 1984.

Ellis I. Kahn, Charleston, S.C. (Solomon, Kahn, Smith & Baumil, Charleston, S.C., Steven Kapustin, Kramer & Salus, Philadelphia, Pa., on brief), for appellants.

G. Dana Sinkler, Charleston, S.C. (Sinkler, Gibbs & Simons, Charleston, S.C., Hans F. Paul, Charleston Heights, S.C., on brief), for appellees.

Before WIDENER, HALL and SPROUSE, Circuit Judges.

WIDENER, Circuit Judge:

Murdaugh Volkswagen, Inc. and Eunice B. Murdaugh (together who may be referred to as Murdaugh) instituted a civil action in the United States District Court for the District of South Carolina against First National Bank of South Carolina and Buchanan Volkswagen, alleging both antitrust claims under the Sherman and Clayton Acts, 15 U.S.C. § 1 et seq., and pendent state claims for slander and wrongful dishonor of Murdaugh checks. During a colloquy with counsel at the trial, but before the presentation of evidence began, the district court announced that it was not going to try the state claims, noting that these claims should be brought in a separate lawsuit. As the trial progressed, counsel for Murdaugh inquired of the court regarding the status of the pendent claims. The following discussion occurred:

Mr. Kahn: Just a matter of clarifying the record, the libel and slander aspect of the complaint I assume is not dismissed?

The Court: Well, I have not formally dismissed it as such.

Mr. Kahn: I assume the pending [sic] jurisdiction continues. I'm just thinking out loud. Surely there was no motion in that regard.

The Court: Well, I haven't granted any motion dismissing it. I just left it in limbo.

The jury returned a verdict in favor of Murdaugh on the antitrust claims. Following that, the district court granted judgment for the defendants notwithstanding the verdict. At the hearing on the motion

for judgment n.o.v., the pendent claims were again discussed, and the district court again noted:

"Well, I'd just rather leave that [the pendent claims] in limbo for the time being."

Judgment was then entered as a result of the granting of the motion of the defendants to set aside the verdict. The complete pertinent text of that judgment follows:

"It is Ordered and Adjudged that the Plaintiffs, Murdaugh Volkswagen, Inc., and Eunice B. Murdaugh, take nothing, that the action be dismissed on the merits as to all causes of action in the complaint, except cause number two." [1]

On the same day the judgment mentioned just above was entered, July 25, 1978, the plaintiffs filed their notice of appeal and the court filed an order under FRCP 54(b). The complete text of that order is as follows:

"The above caption matter came on for hearing before this honorable court, and the court having directed Judgment Notwithstanding the Verdict on the defendants' motion, on all causes of action, except cause two; and there appearing to be no just reason for delay in the entry of Judgment; NOW, THEREFORE,

"IT IS ORDERED, that the Clerk is expressly directed to enter Judgment as to all causes of action in the complaint, except cause two, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure."

Pursuant to the FRCP 54(b) order, Murdaugh appealed the grant of judgment n.o.v. The judgment of the district court as to the antitrust claims was affirmed by this court. *Murdaugh v. First National Bank of South Carolina,* 639 F.2d 1073 (4th Cir.1981).

Following affirmance of the judgment n.o.v., plaintiffs returned to the district court and served a request for admissions on the bank in order to proceed with their pendent state claims. The bank sought a protective order, claiming that all the Murdaugh claims, including the pendent state

claims, had been dismissed in the district court's prior judgment. The district court agreed, by written order filed March 11, 1982 in the form of an opinion, three legal pages in length, that it had intended to refuse to accept pendent jurisdiction over the state claims. It there stated that its prior judgment had effectively dismissed the pendent claims.

A part of that opinion was:

"It was the intention of this court at that time [the time of the trial] to exercise its discretion under *United Mineworkers* to refuse pendent jurisdiction of the plaintiffs' claims for slander and wrongful dishonor."

It also relied upon language it had used, also at the beginning of the trial, which is in part:

"THE COURT: If he wants to bring a suit for libel and slander, he can do it in another court, but I am not going to get an antitrust suit mixed up with a common law suit for libel and slander. Personally, I think it would be too confusing to the jury for one thing, and I think this is an antitrust suit as I view the pleadings."

The district court, in its same written opinion, referred to the fact that the judgment had been prepared by the clerk of the court and recited that the wording thereof had not been considered carefully by the court. The court, however, had approved the form of the judgment, and the same day had filed the order that the clerk enter judgment pursuant to FRCP 54(b), which order had been prepared the day before.

The court concluded that since all claims of the plaintiffs' had been denied, that the bank need not respond to "any further discovery requests in this forum."

The Murdaughs appeal, claiming that the district court had not dismissed their pendent claims in its judgment in this case and therefore they should be allowed to proceed with those claims. We agree and dismiss the appeal.

1. Cause number two of the complaint is the     pendent state claims.

The bank argues that the transcript and the later written opinion of the district court show that that court intended to dismiss the pendent claims. Murdaugh argues, also with backing from the transcript, that the state claims were to be reserved and were simply not disposed of at the time judgment was entered on the antitrust claims. We thus have a case in which both sides are supported by the transcript, and the defendants are supported by a written opinion of the district court, but the plaintiffs are supported by an FRCP 54(b) order which should not have been entered unless something further remained to be done in the case.

 Basic to the operation of the judicial system is the principle that a court speaks through its judgments and orders. *Rothschild & Co. Inc. v. Marshall*, 44 F.2d 546 (9th Cir.1930). The district court's judgment here is clear on its face. No other judgment was entered. So we must not look further than that judgment in reaching our decision that the pendent claims were not dismissed along with the antitrust claims. By the explicit language of its judgment, the district court reserved the pendent claims.

The bank argues that the clear import of the district court's statements to counsel before, during, and after trial was that the state claims were being dismissed. That very argument was rejected by this court in *Segars v. Atlantic Coast Line RR Co.*, 286 F.2d 767 (4th Cir.1961), a case in which the formal order of the district court refusing to set aside a verdict was in conflict with observations of the court made during oral argument on the motion. The court concluded at page 770 that "[i]t is the formal order that determines the action of the court rather than some chance statement or observation made by the Judge during the course of oral argument." See also *Duffer v. American Home Assurance Co.*, 512 F.2d 793 (5th Cir.1975), in which it was held that language of an oral opinion which conflicted with a later judgment must be disregarded.

The written opinion of the court, filed after decision of the antitrust claims on appeal, construing its earlier judgment to have dismissed the plaintiffs' state law claims, also cannot prevail over the terms of the judgment on the same reasoning we have expressed above. Courts must speak by orders and judgments, not by opinions, whether written or oral, or by chance observations or expressed intentions made by courts during, before or after trial, or during argument. When the terms of a judgment conflict with either a written or oral opinion or observation, the judgment must govern.

 In this connection, it is not out of place to observe that the far, far better practice is to have all orders separate from opinions which accompany them, even if not required by the explicit terms of FRCP 58, which of course requires in part that "Every judgment shall be set forth on a separate document."

 This leaves the question of the proper disposition of this appeal. The order appealed from is not a final order under 28 U.S.C. § 1291 because it does not dispose of all of the issues; it denies further discovery. It may not be appealed as an interlocutory order under 28 U.S.C. § 1292 because neither the district court nor this court has taken action under § 1292(b).

Because we are of opinion the state claims in count two of the complaint have not yet been disposed of by the district court, they are yet to be adjudicated. Accordingly, we are of opinion that this appeal is premature and must be dismissed.[2]

APPEAL DISMISSED.

---

2. We intimate no opinion as to the merits of the plaintiffs' request for admissions which we note was also not decided on its merits by the district court.