UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

KENNETH DEJUAN DUNCAN,
        *Defendant-Appellant.*

No. 01-4156

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-204)

Submitted: November 28, 2001

Decided: March 19, 2002

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed and remanded by unpublished per curiam opinion.

---

**COUNSEL**

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Dejuan Duncan pleaded guilty, under *North Carolina v. Alford*, 400 U.S. 25 (1970), to using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West 2000). He was sentenced to five years imprisonment therefor. On appeal, Duncan's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue but stating that in his opinion there are no meritorious issues for appeal. For the reasons that follow, we affirm the conviction but remand for correction of a clerical error in the judgment.

The Government argues that Duncan has waived his right to contest his conviction and sentence under his plea agreement. We agree as the record reveals that Duncan knowingly and voluntarily waived his appellate rights in his "verbal" plea agreement which was covered by the district court in a thorough Fed. R. Crim. P. 11 colloquy at Duncan's plea hearing. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990). Duncan does not allege, and the record does not reveal, that his sentence was imposed in excess of the statutory maximum or based upon a constitutionally impermissible factor such as race, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or that the proceedings were conducted in violation of the Sixth Amendment right to counsel. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994).

We note, however, that all record facts indicate that Duncan was charged with, pleaded guilty to, and was sentenced for a violation of 18 U.S.C.A. § 924(c), except for the criminal judgment. The judgment states that Duncan was convicted of conspiracy to distribute cocaine base, the crime for which he was originally indicted and partially tried before pleading guilty pursuant to a plea agreement. Although a court speaks through its judgments and orders, see *Murdaugh Volkswagen, Inc. v. First National Bank*, 741 F.2d 41, 43 (4th Cir. 1984), in criminal cases the general rule is that the oral pronouncement of the sentence governs. *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962). In this case, the district court accepted

the presentence report, which identified the offense as a violation of 18 U.S.C. § 924(c)(1)(A), during the sentencing hearing before announcing Duncan's sentence. Thus, the conflict between the judgment and all other record facts in this case is deemed to be a clerical error which may be corrected at any time. Fed. R. Crim. P. 36. We therefore remand the case to the district court to correct the clerical error in the judgment.

Having examined the entire record in this case in accordance with the requirement of *Anders*, we find no meritorious issues for appeal. Accordingly, we affirm the conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED WITH INSTRUCTIONS*